unbound copy xo Court

No: _____  **04-18-00700-CV**

# In the Fourth Court of Appeals

IN RE STEPHEN PATRICK BLACK,
*Relator*.

On Petition for Writ of Mandamus to the
. 274th District Court, Guadalupe, Texas
Trial Court Cause No: CV-15-1805

## RELATOR'S PETITION FOR
## WRIT OF MANDAMUS

Stephen Patrick Black
Relator Pro Se
Texas Civil Commitment Center
2600 South Sunset Avenue
Littlefield, Texas 79339
806-485-8100

i

## IDENTITY OF PARTIES AND COUNSEL

### RELATOR

Stephen Patrick Black

### COUNSEL FOR RELATOR

Stephen Patrick Black
Relator Pro Se
Texas Civil Commitment Center
2600 south Sunset Avenue
Littlefield, Texas 79339
806-485-8100

### RESPONDENT

274th District Court, Guadalupe, Texas

### REAL PARTY IN INTEREST

The Honorable Judge Gary Steele

### COUNSEL FOR REAL PARTY IN INTEREST

Unknown

# TABLE OF CONTENTS

Identity of Parties and Counsel ................................................................................. ii

Table of Contents ...................................................................................................... iii

Index of Authorities ............................................................................................ iv-vi

Statement of Case ............................................................................................. vii-viii

Statement of Jurisdiction .......................................................................................... viii

Issues Presented.......................................................................................................... ix

Statement of Facts ................................................................................................... 1-8

Summary of the Argument ......................................................................................... 9

Argument ............................................................................................................ 10-16

Conclusion ................................................................................................................ 17

Prayer for Relief ...................................................................................................... 17

Certificate of Service ............................................................................................... 18

Certificate of Compliance ........................................................................................ 18

Unsworn Declaration ............................................................................................... 18

Appendix .............................................................................................................. 19-21

# INDEX OF AUTHORITIES

## FEDERAL CASES

Adams v. United States ex rel. McCann, 317 U.S. 269, 279 (1942) ........................ 16

Bailey v. Cain, 2018 U.S. Dist. LEXIS 1983 ................................................. 14

Faretta v. California, 422 U.S. 806, 835 (1975) ........................................ 14, 16

McKaskle v. Wiggins, 465 U.S. 168 (1984) ................................................. 16

State v. Nixon, 222 So. 3d 123, 133 (La. App. 2 Cir. 2017) ............................. 14

United States v. Pennington, 2018 U.S. Dist. LEXIS 28066 ............................... 16

United States v. Trachanas, 605 Fed. Appx. 751 ........................................ 15

## STATE CASES

Barnes v. State, 832 S.W.2d 424, 426
(Tex. App.-Houston [1st Dist.] 1992) (orig. proceeding) ................................ 13

Broadway v. State, 2018 Tex. App. LEXIS 2628 ........................................ 15

Cofer v State, 2017 Tex. App. LEXIS 8360 ............................................... 16

De Rouville v. State, 2018 Tex. App. Lexis 265 ........................................ 15

Eli Lilly and Co. v. Marshall, 829 S.W.2d 157 (Tex. 1992) ............................ 13

Ford Motor Co. v. Garcia, 363 S.W.3d 573,578 (Tex. 2012) ............................. 10

Funderburg v. State, 717 S.W.2d 637, 642 (Tex. Crim. App. 1986) ..................... 15

Ginn v Forrester, 282 S.W. 3d 513, 517 (2009) ........................................... 6

In re Allstate Vehicle & Property Insurance Co.,
2018 Tex. App. LEXIS 3146 (May 3, 2018, orig. proceeding) ............................ 12

In re Bishop, 2006 Tex. App. LEXIS 7451 (Tex. App.-Houston
[14th Dist.] Aug. 24, 2006, orig. proceeding) (per curiam) ........................... 13

In re Blakeney, 254 S.W.3d 659, 662 (Tex. App.-Texarkana 2008)

In re Brown, 2017 Tex. App. LEXIS 3333 ................................................. 12

In re Chavez, 62 S.W.3d 225, 228 (Tex. App.-El Paso 2001, orig. proceeding) ...... 11

In re Christus Santa Rosa Health Sys., 492 S.W.3d 276, 279 (Tex. 2016) ............... 10

In re Essex Ins. Co., 450 S.W.3d 524, 528 (Tex. 2014) ................................. 10

In re Greater McAllen Star Props., Inc., 444 S.W.3d 743, 748
(Tex. App.-Corpus Christi 2014, orig. proceeding) ................................. 13

In re Grecon, Inc., 2018 Tex. App. LEXIS 449 ................................. 10

In re Greenwell, 160 S.W.3d 286, 288 (2005)
(Tex. App.-Texarkana 2005, orig. proceeding) ................................. 12

In re H.E.B. Grocery Co., 492 S.W.3d at 302 ................................. 10

In re Henry, 525 S.W.3d 381, 382 (Tex. App.-Houston
[14th Dist.] 2017, orig. proceeding) ................................. 11-13

In re Nationwide Ins. Co. of Am., 494 S.W.3d 708, 712 (Tex. 2016) ................. 10

In Re Newport Classic Homes, L.P. L.L.C., 2018
Tex. App. LEXIS 3072 (San Antonio - May 2, 2018, orig. proc.) ................. 12

In re Powell, 516 S.W.3d 488, 494-95 (Tex. Crim. App. 2017) ................. 11-12

In re Prudential Ins. Co. of Am., 148 S.W.3d 124, 136 (Tex. 2004) ................. 10

In re R. B. Deblanc, III, 2018 Tex. App. LEXIS 3038 ................................. 11-12

In re Reed, 2018 Tex. App. LEXIS 2998 ................................. 15

In re Schklair, 2017 Tex. App. LEXIS 5861 ................................. 8

In re Trevino, 2018 Tex. App. LEXIS 2565 ................................. 10

In re Univar Usa, Inc., 311 S.W. 3d 175 (2010) ................................. 10

In re William Earle Coffey, Jr., 2018 Tex. App. LEXIS 2424 ................................. 13

Keigley v. State, 2018 Tex. App. LEXIS 2323 ................................. 14

Lathem v. State, 514 S.W.3d 796, 802 (Tex. App.-Fort Worth 2017, no pet.) ....... 14

Morris v. State, 2018 Tex. App. LEXIS 1568 ................................. 16

State v. Cullen, 195 S.W. 3d 696 (2006) ................................. 10

Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding) ...........10-12
Williams v. State, 252 S.W.3d 353, 356 (Tex. Crim. App. 2008) ................. 15

## STATE STATUTES

Texas Health and Safety Code § § 841.101 – 841.103 ............................................. 4

Texas Health and Safety Code § 841.102(c)(2) ...................................................... 7

Texas Health and Safety Code § 841.005 ........................................................ vii, 4

Texas Health and Safety Code § 841.005(b) .......................................................... vii

Texas Health and Safety Code § 841.081(a) ............................................................ 1

Texas Health and Safety Code § 841.082(a)(4)(A) ................................................... 3

Texas Health and Safety Code § 841.082(a)(4)(A)(i)-(iii) ........................................ 3

Texas Health and Safety Code § 841.145(b)(c) ....................................................... 4

## MISCELLANEOUS

Texas Government Code § 22.220 ....................................................................... vii

Texas Government Code § 22.221(a)(b)(1) .......................................................... vii

Texas Rules of Appellate Procedure, Rule 52.1 .................................................. vii

Senate Bill 1576 ................................................................................................. 3

Texas Lawyer's Creed and Mandate for Professionalism Rule II. 1-2 ...................... 6

Texas Disciplinary Rules of Professional Conduct Rule 1.01(b)(1)(2)(c) ................... 6

Texas Disciplinary Rules of Professional Conduct Rule 1.03(a)(b) ........................... 8

Texas Disciplinary Rules of Professional Conduct Rule 1.06 ................................. 15

Texas Disciplinary Rules of Professional Conduct Rule 3.04(c)(5) ........................... 8

Texas Disciplinary Rules of Professional Conduct Rule 8.04(12) ............................. 6

## STATEMENT OF THE CASE

Stephen Patrick Black (Hereinafter Relator) was adjudicated a sexually violent predator (SVP) on April 7, 2018, pursuant to Title 11, of the Texas Health and Safety Code Chapter 841 (HSC) in the 274th Judicial District Court of Guadalupe County, Texas. The Honorable Judge Gary Steele presiding (hereinafter Respondent).

Relator was statutorily represented by the State Counsel for Offenders (SCFO), pursuant to HSC § 841.005 at the initial civil commitment trial, and is subsequently represented in biennial reviews or other proceedings. It is the statutory duty of SCFO's to represent civilly committed persons in all proceedings attached to their commitment, but theoretically they decide "which" proceedings they will attend or not attend. See HSC § 841.005(b).

Relator has filed numerous motions in the committing court beginning on October 16, 2017. **(See Exhibit # 1 – Docket Sheet).** The Respondent has failed to recognize Relator's Pro Se filings, and further refuses to set a hearing to rule on them. Relator has filed motions to set hearings, and motions to compel with no response. Furthermore, the Respondent has failed to recognize Relator as a Pro Se litigant who has formally requested his right to self-representation. On January 5, 2018, Relator terminated SCFO's as his statutorily court appointed counsel when he filed a Motion to Appoint Counsel, and on Page 2 in the Statement of Facts he specifically stated he wanted to terminate their services. **(See Exhibit # 10).**

Relator filed numerous motions in conjunction with his 2018 Biennial Review, and the Respondent refused to hear and rule on them. Consequently, Relator was ordered to two more years of indefinite civil commitment.

Relator contends, a different outcome ~~of the~~ could have resulted from the Biennial review of facts hearing had the Respondent considered all the filings presented. These filings supported the fact that Relator's alleged behavioral abnormality had changed to the extent he would no longer pose a threat to society.

As A direct consequence, Relator was ordered to two more years of indefinite commitment by the Respondent. As a result, Relator filed several more motions, but only received file stamp copies on a few of them, hereto as follows:

1. Motion for Finding of Facts and Conclusions of Law
2. Motion to Set Aside/Vacate or Reconsider
3. Affidavit in Support of Motion to Vacate
4. Notice of Appeal (File Stamp Copy)
5. Motion to Compel Hearing and Ruling on Appeal/Other Motions
6. Designation of Clerk's Record for Appeal

**(See Exhibit # 29 – It Contains all Six Motions)**

Accordingly, Relator now files this writ of mandamus seeking relief from the Fourth Court of Appeals, instructing the Respondent to recognize his Constitutional right to self-representation, and set a hearing to rule on all previously filed motions.

## JURISDICTION

The Fourth Court of Appeals has original jurisdiction over the 274th Judicial District Court to issue a writ of mandamus, pursuant to the Texas Government Code §§ 22.220, and 22.221(a)(b)(1), and the Tex. R. of Appellate Procedure, Rule 52.1.

# ISSUES PRESENTED

**ISSUE 1:** Respondent has abused his discretion by failing to set a hearing date and rule on all motions properly filed by Relator.

**ISSUE 2:** Respondent is violating Relator's constitutional right of self-representation, and has failed to recognize Relator has clearly and unequivocally terminated the services of SCFO's as his statutorily appointed counsel.

## STATEMENT OF FACTS

Relator was adjudicated as an SVP on April 7, 2016, pursuant to HSC § 841.081(a) in the 274th Judicial District Court of Guadalupe County, Texas. Thereafter, Relator was returned to the Texas Department of Criminal Justice (TDCJ) to discharge his sentence. Once discharged, Relator was subsequently transported to the Texas Civil Commitment Center (TCCC) for supervision and treatment, overseen by the Texas Civil Commitment Office (TCCO).

## RELATOR'S FILED MOTIONS TO HAVE
## INACCURATE INFORMATION REMOVED

Upon arrival at TCCC Relator was assigned a clinical therapist who worked for Correct Care Recovery Solutions (CCRS) to provide State mandated sex offender treatment. Relator began sex offender specific treatment approximately in October 2016. In December 2016, clinical therapist Cynthia Burns developed an Integrated Care Plan (ICP) for relator containing inaccurate information. The inaccurate information contained in the ICP stated Relator had Five Counts of Indecency with a Child, although the judgment of conviction states only **ONE.**

Relator informed the therapist of the inaccurate information, but she would not aid in correcting it. He informed the therapist that the inaccurate information originated with psychologist Darrell B. Turner. Turner initially interviewed Relator for a behavioral abnormality, prior to civil commitment, and negligently developed that inaccurate information. Relator ensued in several battles with CCRS and TCCO to have the inaccurate information removed from his files with no resolution.

1

Relator filed numerous grievances with CCRS who hired the clinical therapist, and with the TCCO where the therapist derived the inaccurate information. Relator then tried contacting Darrell B. Turner by mail to correct his inaccurate evaluation, but he, refused to respond. Thereafter, Relator subsequently filed a lawsuit in the Northern District of Texas, Lubbock Division (the case is still pending).

On October 16, 2017, Relator then filed a motion in the committing court to have the inaccurate information removed, and received a file stamp copy from Debra Crow, the Guadalupe County District Clerk. **(See Exhibit # 2)** Coincidently, the committing court happens to be Relator's convicting court, of the criminal conviction that is in question. Therefore, the committing court has jurisdiction to compel Darrell B. Turner to correct his inaccurate evaluation. Thereby, allowing Relator to receive truthful treatment based on adjudicative facts, and not by the psychologist's incorrect information which created a harmful error.

Relator patiently waited for the Respondent to set a hearing date, and rule on the motion, but this was in vain. Relator then filed a Motion to Compel Ruling on the initial motion, and once more he received a file stamped copy from the district clerk. **(See Exhibit #3).** In spite of that, Relator patiently waited for a hearing date and ruling, but received no response. Correspondingly, on February 8, 2018, Relator filed a subsequent Motion for Notice to Set Hearing on the two previous motions, but repeatedly the Respondent never responded. **(See Exhibit #4).**

Thereafter, Relator wrote a correspondence to SCFO's requesting their intervention, but their response stated they possibly could help at his biennial review. **(See Exhibit #5).** Relator's faith in the civil judicial system was fading, but he persevered.

## RELATOR'S FILED MOTIONS TO HAVE GPS
## LEG-MONITOR TRACKING DEVICE REMOVED

Prior to Relator discharging TDCJ, at the Bill Clements Unit, Relator was forced by TCCO agents to submit and be fitted with a GPS leg-monitor tracking device. When queried as to why Relator would have to wear such a device in a maximum-security facility, he was told it was pursuant to HSC § 841.082(a)(4)(A).

Thereafter, Relator filed numerous grievances with TCCO and CCRS to have the GPS device removed with no resolution. On September 1, 2017, Senate Bill 1576 was passed, wherein allowing Tier Levels 3 & 4 (civilly committed) residents, of the TCCC, to have their GPS devices removed: But Relator, and other similarly situated residents had to continue wearing them.

Accordingly, on December 4, 2017, Relator filed a Petition in the committing court to have the GPS leg-monitor tracking device removed. **(See Exhibit #6).** The Petition affected him and all other similarly situated residents. Moreover, he was challenging the constitutionality of the newly amended HSC § 841.082(a)(4)(A)(i)-(iii). Relator's complaint stated he is being punished by having to submit to the use of a GPS leg-monitor tracking device while detained in a maximum-security facility. He did not wear one while imprisoned, why is he being forced to wear one in a prison facility that is more secure than most prisons he was assigned to in TDCJ? The Respondent never ruled on this motion either.

On February 8, 2018, Relator filed a Motion for Notice to Set Hearing on Petition to Have Tracking Device Removed, and all Relator received from the court was a file stamped copy. **(See Exhibit #7)**. Thereafter, on March 29, 2018, Relator filed a Challenge to a Constitutionality of a State Statute Form to accompany the previously filed petition, but Respondent still refused to respond. **(See Exhibit #8).**

## RELATOR'S FILED MOTIONS IN REFERENCE
## TO HIS 2018 BIENNIAL REVIEW

Relator was adjudicated an SVP on April 7, 2016. Every two years on or about that date he has a statutory right to a Biennial Review. This review assists the Respondent to assess if Relator is safe for release to the community, pursuant to the HSC § § 841.101 – 841.103. In preparation for the upcoming Biennial Review relator filed a series of motions. Prior those filings, Relator sent a correspondence to the SCFO's requesting the services of an expert witness. **(Exhibit 9).** This expert was needed to balance the scales of justice, in that the State hires their expert to interview the Relator, but as an indigent he cannot afford one.

SCFO's refused to hire an expert to evaluate the Relator for the 2018 Biennial Review, so he concluded this as a self-termination of their duty to represent him at all proceedings, pursuant to HSC § 841.005. On January 5, 2018, Relator filed a Motion to Appoint an Expert at the court's expense, pursuant to the HSC § 841.145(b)(c).[1] **(See Exhibit # 10).**

---

[1] (b) On the request of an indigent person examined under this chapter, the judge shall determine whether expert services for the person are necessary. If the judge determines that the services are necessary, the judge shall appoint an expert to perform an examination or participate in a civil commitment proceeding on the person's behalf and shall approve compensation for the expert as appropriat[e].

4

Additionally, on January 5, 2018, Relator also filed a Motion to Appoint Counsel, wherein stating on page 2, "Therefore, Petitioner respectfully moves the Court to terminate and preclude SCFO as his legal representative from this day forward." Thereafter, on February 14, 2018, Relator filed a Motion for Notice to Set Hearing for Appointment of an Expert Witness. **(See Exhibit #11).** The Respondent continued refusing to set a hearing and rule on all the properly filed motions.

Relator wrote a subsequent correspondence to the SCFO's requesting if they could be present during the State expert's evaluation, but they refused to be present, further perpetuating termination of their services. **(See Exhibit #12).** The State expert was scheduled to conduct an interview on February 21, 2018. Therefore, on February 22, 2018, Relator filed a subsequent Motion to Appoint Expert Witness, because the Respondent failed to rule on the first motion requesting an expert. **(Exhibit # 13).**

On March 5, 2018, after Relator filed several motions in conjunction with the 2018 Biennial Review, he filed several more motions concurrently, hereto:

1.) Motion to Stay Biennial Review Proceedings Pending Appointment of an Expert for Petitioner **(See Exhibit #14).**

2.) A Notice to Set Hearing: *on that motion* **(See Exhibit #15).**

3.) An Affidavit attesting to all the motions filed in conjunction with the Biennial Review. **(See Exhibit #16).**

On March 12, 2018, Relator's TCCO case manager Peter Caswell summoned him to his office at TCCC, notifying Relator he had to sign some legal documents sent by SCFO's. The documents were requesting Relator to hire SCFO's as his counsel for the Biennial Review. Relator refused to sign them, and the case manager made a statement at the bottom of the document, stating: "Client has requested other representation." **(See Exhibit #17).**

Furthermore, relator made a statement of his own at the bottom of the document, stating: "Stephen Black has filed several motions in the committing court regarding the Appointment of Counsel and Expert Witness. He is awaiting a response from the judge. Additionally, he filed a Motion to Stay Biennial Review Proceeding until these motions are answered." It was signed on March 12, 2018. **(See Exhibit #17).**

The SCFO's failed to notify Relator of the pending date (wherein was May 9, 2018) set for the Biennial Review hearing, thereto forfeiting his ability to timely file other relevant facts and information.[2] Thus violating the Texas Lawyer's Creed and Mandate for Professionalism (TLCMP) Rule II. 1-2, and Texas Disciplinary Rules of Professional Conduct (TDRPC) Rule 1.01(b)(1)(2)(c).

Moreover, on the financial worksheet document, Relator stated, "it was a conflict of interest for SCFO's to represent him." This hinges on the fact they are connected to the criminal justice system through the TDCJ, and the Texas Board of Criminal Justice, therefore Relator requested the committing court to appoint other counsel, but the Respondent refused to respond. Additionally, Relator was never admonished by the SCFO's of this conflict of interest prior to signing the agreement to represent him. **(Exhibit # 18).** Attorneys are held to a specific standard set forth in the TDRPC Rule 1.06, and 8.04(12).

---

[2] See *Ginn v Forrester*, 282 S.W. 3d 513, 517 (2009) ("We conclude that the face of **the record reveals that the trial court did not notify appellants of its intent** to dismiss their case after retaining it on its docket."). Accordingly, Relator was never notified by the trial court when the review of facts hearing was to take place.

On May 11, 2018, Relator filed a Motion Compelling the Committing Court to: Hear and rule on all previously filed motions **(See Exhibit # 19).** This motion specifically referenced all motions connected to his 2018 Biennial Review. It did not reflect the other motions, hereto: Motion to Remove Incorrect Information **(See Exhibit # 2)** and Petition to Have GPS Tracking Device Removed **(See Exhibit # 6).** Furthermore, on May 11, 2018, Relator filed a motion Denouncing SCFO's as his representatives. This motion served as a clear and unequivocal termination of their services. **(See Exhibit # 20).**

Consequently, Relator was never formally notified of the actual judicial review of facts hearing for the Biennial Review by the trial court, or SCFO's. Subsequently, Relator was ordered to two more years of indefinite commitment. **(See Exhibit # 21).** Ignorantly, on May 14, 2018, Relator continued filing pleadings supporting the fact his alleged behavioral abnormality had changed to the extent he will not engage in a predatory act of sexual violence,[3] subject hereto:

1. Motion Objecting to State Psychologist's Evaluation Regarding Petitioner's 2018 Biennial Review: First Set of Objections **(Exhibit # 22)**

2. Motion to Admit Supplemental Evidence in Support of Petitioner's 2018 Biennial Review **(See Exhibit # 23)**

3. Personal Affidavit in Reference to: Motion to Admit Supplemental Evidence in Support of Petitioner's 2018 Biennial Review **(Exhibit # 24)**

4. Petitioner's Summary of the Preceding Two-Years in Civil Commitment: April 2016-April 2018 Supplemental Evidence for the 2018 Biennial Review **(See Exhibit #25)**

---

[3] See HSC § 841.102(c)(2) ("probable cause exists to believe that the person's behavioral abnormality has changed to the extent that the person is no longer likely to engage in a predatory act of sexual violence.").

Thereafter, on May 21, 2018, Relator filed the following motions:

1. Motion Objecting to the Texas Civil Commitment Office's Summary Regarding Petitioner's 2018 Biennial Review: First Set of Objections **(See Exhibit #26)**
2. Motion to Take Judicial Notice of All Exhibits Entered with Previous Filings in Conjunction Therewith: Petitioner's 2018 Biennial Review **(See Exhibit #27)**

Discouraged, Relator wrote a letter to SCFO's requesting, "why he was never notified of the pending May 9, 2018, hearing," their response was less than forthcoming. It basically stated he had no right to be notified,[4] but did affirm he has a right to self-representation. **(See Exhibit # 27).**

Consequently, in the aftermath, Relator filed the following post-judgment motions: 1.) Findings of Fact and Conclusions of Law, 2.) Motion to Set Aside, Vacate Judgment, 3.) Affidavit for Motion to Vacate, 4.) Notice of Appeal, 5.) Motion to Compel Hearing and Ruling on Said Motions, and 6.) Clerk's Record.

In conclusion, Relator wrote an informal correspondence to the Respondent at the 274th Judicial District Court inquiring why he continued to ignore Relator's constitutional right to self-representation, and completely disregard setting a hearing date and rule on his previously filed motions, but he did not respond. **(See Exhibit 30).**

---

[4] See *In re Schklair*, 2017 Tex. App. LEXIS 5861 ("The State's failure to notify...relators' filings potentially violated duties the State owed to the [RELATOR] and basic tenets of professional conduct expected of Texas attorneys. See, e.g., Tex. Discpl. R. Prof. Conduct 1.03(a)(b) (a) lawyer shall keep a client reasonably informed about the status of a matter [SUCH AS PENDING COURT DATES] and explain a matter to the extent reasonably necessary to permit the client to make informed decisions [PRIOR TO A HEARING] regarding the representation); see also Tex. Discpl. R. Prof. Conduct 3.04(c)(5) (a lawyer shall not engage in conduct intended to disrupt the proceedings).

## SUMMARY OF THE ARGUMENT

Prior to filing this present writ of mandamus, Relator properly filed with the Respondent various motions in connection with his civil commitment. Beginning in October 2017, Relator requested the Respondent to hear and rule on these motions with no response. Relator continued having faith in the civil justice system, and that the Respondent would act accordingly by setting a hearing date to rule on all properly filed motions, but this ill-found faith was in vain.

In January 2018, Relator then filed a series of motions in connection with his 2018 Biennial Review. Respondent continued his refusal to acknowledge Relator the right to self-representation, and further refused setting a hearing to rule on all properly filed motions. Therefore, this arbitrary action left Relator with no other remedy but to file a writ of mandamus. The Respondent committed a clear abuse of discretion, and a violation of Relator's constitutional rights.

Relator notified the Respondent he desired to represent himself and filed motions that clearly and unequivocally terminated SCFO's as his appointed attorneys. The Respondent never recognized these attempts to remove them, and continued to ignore Relator's pleadings and motions, thus forcing Relator to file this writ of mandamus to compel the Respondent to act accordingly.

Relator wrote an informal letter to the Respondent inquiring why he has refused to: 1.) rule on all previously filed motions, 2.) recognize his constitutional right to self-representation, and 3.) the termination of SCFO's, but he refused to respond with an answer. **(See Exhibit # 30).**

## ARGUMENT

**ISSUE 1:** *Respondent has abused his discretion by failing to set a hearing date and rule on all motions properly filed by Relator*

### I. STANDARD OF REVIEW:

"'Mandamus relief is proper to correct a clear abuse of discretion[5] when there is no adequate remedy by appeal.'" *In re Trevino, 2018 Tex. App. LEXIS 2565* (quoting *In re Christus Santa Rosa Health Sys.*, 492 S.W.3d 276, 279 (Tex. 2016)). The "'relator bears the burden of proving both of these requirements.'" *In re H.E.B. Grocery Co.*, 492 S.W.3d at 302; (quoting *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)). Furthermore, "an abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence." *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016); *Ford Motor Co. v. Garcia*, 363 S.W.3d 573,578 (Tex. 2012). The determination of an adequate appellate review[6] is made by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004).

---

[5] See *In re Grecon, Inc.*, 2018 Tex. App. LEXIS 449 (Jan. 12, 2018) (orig. proceeding).

[6] See *In re Univar Usa, Inc.*, 311 S.W. 3d 175 (2010); see also *State v Cullen*, 195 S.W. 3d 696 (2006) ("The efficient administration of justice will be served by a requirement that trial judges respond to a reques[t].").

## II.   MANDAMUS STANDARD:

When a trial court judge refuses setting a hearing and rule on motions properly filed, the "guiding legal principles" permitting mandamus relief can be discovered in:

*In re R. B. Deblanc, III*, 2018 Tex. App. LEXIS 3038 stating:

"To be entitled to mandamus relief, a relator must show (1) that the relator has no adequate remedy at law for obtaining the relief the relator seeks; and (2) what the relator seeks to compel involves a ministerial act rather than a discretionary act. *In re Powell*, 516 S.W.3d 488, 494-95 (Tex. Crim. App. 2017) (orig. proceeding). A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act. *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.-Houston [14th Dist.] 2017, orig. proceeding).

A relator must establish that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time. *Id.* It is relator's burden to provide a sufficient record to establish that he is entitled to relief. See *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). Relator has failed to do so. Relator has not provided this court with file-stamped copies of his motions. See *Henry*, 525 S.W.3d at 382. In the absence of file-stamped copies of relator's motions, relator has not established that the motions are actually pending in the trial court.

Even if relator had established that his motions are properly pending, he has not demonstrated that his motions were properly presented to the trial court. Filing a document with the district clerk does not impute the clerk's knowledge of the filing to the trial court. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.-El Paso 2001, orig. proceeding). The trial court is not required to consider a motion that has not been called to its attention by proper means. See *Henry*, 525 S.W.3d at 382."

11

## III.  DISCUSSION

As distinguished by *Deblanc*, Relator has met the required burden by establishing a sufficient record entitling him to mandamus relief.[7]  Relator has provided all file stamp copies, has referenced them as exhibits, and are located in the mandamus appendix.  Additionally, he motioned the Respondent to set a hearing on the motions, and to provide a ruling.[8]

Moreover, Relator has established the trial court (1) had a legal duty to rule on the motions; (2) was asked to rule on the motions; and (3) failed or refused to rule on the motions within a reasonable time **(See Exhibits in Appendix)**.[9]  The Respondent's duty to rule on the properly filed motions is a ministerial act only, and does not involve a discretionary act.[10]  Furthermore, Relator does not have an adequate remedy by appeal.[11]  "No adequate remedy by appeal exists concerning a trial court's erroneous determination[n]."  In re Allstate Vehicle & Property Insurance Co., 2018 Tex. App. LEXIS 3146 (May 3, 2018, orig. proceeding).

---

[7]  See *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).

[8]  See *In re Greenwell*, 160 S.W.3d 286, 288 (Tex. App.-Texarkana 2005, orig. proceeding).

[9]  See *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.-Houston [14th Dist.] 2017, orig. proceeding); see also *In re Brown*, 2017 Tex. App. LEXIS 3333; quoting *In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.-Texarkana 2008).

[10]  See *In re Powell*, 516 S.W.3d 488, 494-95 (Tex. Crim. App. 2017) (orig. proceeding).

[11]  *Supra.*; see also *In re Newport Classic Homes, L.P. L.L.C.*, 2018 Tex. App. LEXIS 3072 (San Antonio - May 2, 2018, orig. proc.) ("Six days after Lagunes filed his motion to compel, the trial court conducted a hearing on the motion.")

Additionally, Relator filed several motions to compel a hearing and a ruling, but Respondent never responded. "Accordingly, in considering whether mandamus relief is warranted, we need only review a trial court's ruling on a motion to compel...for an abuse of discretion." *Supra.*

Unquestionably, the respondent abused his discretion by failing to set a hearing date or provide a ruling on the properly filed motions. *In re William Earle Coffey, Jr.*, 2018 Tex. App. LEXIS 2424. [12] ("A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act. *In re Henry*, 525 S.W.3d 381 (Tex. App.-Houston [14th Dist.] 2017, orig. proceeding); *In re Greater McAllen Star Props., Inc.*, 444 S.W.3d 743, 748 (Tex. App.-Corpus Christi 2014, orig. proceeding")). Relator contends he cannot appeal the properly filed motions because Respondent failed to set a hearing, and provide a final ruling: thus, mandamus relief is the only remedy available.

---

[12] Citing *Eli Lilly and Co. v. Marshall*, 829 S.W.2d 157 (Tex. 1992) ("The court conditionally granted the petition because the trial court abused its discretion by refusing to conduct a hearing and render a decision on defendants' motion...."); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.-Houston [1st Dist.] 1992) (orig. proceeding); *In re Bishop*, No. 14-06-00636-CV, 2006 Tex. App. LEXIS 7451, 2006 WL 2434200, at *1 (Tex. App.-Houston [14th Dist.] Aug. 24, 2006, orig. proceeding) (per curiam).

**ISSUE 2:**    *The 274th Judicial District Court is violating Relator's constitutional right to self-representation, and has failed to recognize Relator clearly and unequivocally terminated the services of SCFO's as his statutorily appointed counsel.*

## I.    STANDARD OF REVIEW

A trial court abuses its discretion when it fails to recognize a defendant's right to self-representation. "We review the denial of a defendant's request for self-representation for an abuse of discretion." *Keigley v State* 2018 Tex. App. LEXIS 2323; citing *Faretta v. California*, 422 U.S. 806, 835 (1975) ("The Supreme Court has emphasized that "[a]lthough a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation.").

## II.    DISCUSSION

Relator contends, he motioned Respondent several times to recognize his right to Self-representation,[13]    but Respondent contends he is statutorily represented by SCFO's. "[T]he Court held that a defendant has a constitutional right to proceed without counsel when he voluntarily, knowingly, and intelligently chooses to do so, <u>and the state may not constitutionally force a lawyer upon him</u>." *Lathem v. State*, 514 S.W.3d 796, 802 (Tex. App.-Fort Worth 2017, no pet.) (Emphasis added)

---

[13]   See *Bailey v. Cain*, 2018 U.S. Dist. LEXIS 1983; citing *State v. Nixon*, 222 So. 3d 123, 133 (La. App. 2 Cir. 2017) ("[a]n indigent defendant has a right to counsel as well as the opposite right to represent himself....").

*Lathem* further elaborates:

> "The Court of Appeals of Texas rejects the argument that a defendant's exercise of the constitutional right of self-representation is nullified if a defendant communicates with court-appointed counsel erroneously forced upon her. Such a position would immunize from review an erroneous judicial denial of a request for self-representation in all cases in which a defendant cooperated with counsel whom she had previously sought to remove. It would also violate the dictates of *Faretta* by improperly elevating one constitutional provision (representation by counsel) over another constitutional provision (self-representation.)."

Nonetheless, Relator filed a motion requesting the committing court to appoint new counsel by formally terminating SCFO's statutory representation.[14] Relator further contends a conflict of interest exists between him and the SCFO's.[15] Therefore, he filed a motion clearly and unequivocally terminating their services.[16] Moreover, he asserted his right to self-representation,[17] but the Respondent continued to ignore Relator's filings.

---

[14]  See *Broadway v State*, 2018 Tex. App. LEXIS 2628 ("However, 'the right to self-representation does not attach until it has been clearly and [unequivocally] asserted.'" *Williams v. State*, 252 S.W.3d 353, 356 (Tex. Crim. App. 2008) (quoting *Funderburg v. State*, 717 S.W.2d 637, 642 (Tex. Crim. App. 1986) (citing *Faretta v California*, 422 U.S. 806,835 (1975)").

[15]  See *In re Reed*, 2018 Tex. App. LEXIS 2998 ("Armstrong has petitioned this court seeking a writ of mandamus ordering the trial court to allow him to withdraw as counsel for the Relators due to a conflict of interest'); see also Texas Disciplinary Rules of Professional Conduct § 1.06.

[16]  See *United States v Trachanas,* 605 Fed. Appx. 751, ("Trachanas terminated appointed counse[l]").

[17]  See *De Rouville v State*, 2018 Tex. App. Lexis 265 ("Appellant explained...he wished to represent himsel[f].").

Relator contends, he has a constitutional right to self-representation,[18] and has properly notified the court of this intention.[19] Additionally, he terminated and refused the services of the statutorily appointed attorney further compelling his right to self-representation.[20] State and Federal law permits a person the right to self-representation if they possess the needed experience to proceed. The trial court must admonish the Pro Se litigant of the consequences to self-representation, moreover conduct an evaluation of their legal knowledge prior to any proceedings.[21]

_____

[18] See *Faretta v. California*, 422 U.S. 806 (1975) ("**Forcing an accused, against his will, to accept a state-appointed public defender deprives the accused of his constitutional right to conduct his own defense under circumstances**") (Emphasis added); see also *McKaskle v. Wiggins*, 465 U.S. 168 (1984) (pro se defendant must be allowed to "control the organization and content of his defense, to make motions, to argue points of law, to participate in voir dire, to question witnesses, and to address the court and jury").

[19] See *Morris v State*, 2018 Tex. App. LEXIS 1568, ("When Morris stated that he was firing his attorney, the trial court apparently took Morris' remarks as an attempt to invoke his *Faretta*, [supra] right to self-representation.").

[20] See *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279 (1942) ("recognized that the Sixth Amendment right to the assistance of counsel implicitly embodies a '**correlative right to dispense with a lawyer's help**.'")(Emphasis added); see also *Cofer v State*, 2017 Tex. App. LEXIS 8360 ("In order to represent himself...a criminal defendant must first validly waive his right to counsel. A waiver of counsel is valid if it was made competently, knowingly and intelligently, and voluntarily.").

[21] See *Untied States v Pennington*, 2018 U.S. Dist. LEXIS 28066, ("On February 14, 2018, at his initial appearance, the defendant Bryan Pennington said that he wants to represent himself. The court advised Mr. Pennington generally of the dangers of self-representation and set the matter for a further hearing on February 23, 2018 to allow Mr. Pennington time to consider whether he wanted to represent himself").

## CONCLUSION

Relator concludes, the Respondent abused his discretion by failing to rule on all properly filed motions. Furthermore, he has failed to recognize Relator's constitutional right to self-representation.

Relator has no remedy by appeal, therefore mandamus relief is the only remedy available. Additionally, the predicted future litigation of Relator's Biennial Review final judgment will be either:

1.) An appeal of the final judgment order, and/or

2.) Habeas Corpus Relief.

This is contingent upon the final outcome of the requested mandamus relief.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Relator respectfully prays the Honorable Justices of the Fourth Court of Appeals grant this Writ of Mandamus. Furthermore, by compelling the trial court to set a hearing and rule on all motions previously filed, and additionally recognizing Relator's constitutional right to self-representation.

Respectfully Submitted,

Stephen Patrick Black #04155143
Pro Se Litigant
Texas Civil Commitment Center
2600 South Sunset Avenue
Littlefield, Texas 79339

17

## CERTIFICATE OF SERVICE

On the executed date below this document was served via U.S. Mail, on Respondent:

Honorable Judge Gary Steele
274th Judicial District Court
211 West Court Street
Seguin, Texas 78155

Executed on the 25th day of September 2018.

*Stephen Patrick Black*

## CERTIFICATE OF COMPLIANCE

Relator certifies this brief was computer generated using Microsoft Word, and that this brief, excluding those portions enumerated in the Texas Rules of Appellate Procedure (TRAP), Rule 9.4(i)(1) contains approximately _4,577_ words, pursuant to TRAP, Rule 9.4(i)(2)(B) compliance regulation.

## UNSWORN DECLARATION

I Stephen Patrick Black do swear under penalty of perjury the foregoing instrument is true and correct to the best of my knowledge, and any additional statements are based upon information and belief.

Executed on the 25th day of September 2018.

Stephen Patrick Black #04155143
Texas Civil Commitment Center
2600 South Sunset Avenue
Littlefield, Texas 79339

18

No: _____

# In the Fourth Court of Appeals

IN RE STEPHEN PATRICK BLACK,

*Relator.*

On Petition for Writ of Mandamus to the
274th District Court, Guadalupe, Texas
Trial Court Cause No: CV-15-1805

## APPENDIX TO THE EXHIBITS

**Exhibit # 1**  Docketing Sheet for Cause No: CV-15-1805

**Exhibit # 2**  Motion Requesting Committing Court to Order Forensic Psychologist to Remove Incorrect Information from Final Evaluation/with Appendix to the Exhibits. Including:  A Letter to the Clerk and a Declaration/Affidavit

**Exhibit # 3**  Motion to Compel Ruling On: Motion Requesting Committing Court to Order Forensic Psychologist to Remove Incorrect Information from Final Evaluation

**Exhibit # 4**  Motion for Notice to Set Hearing On: Motion Requesting Committing Court to Order Forensic Psychologist to Remove Incorrect Information from Final Evaluation.  Including: Motion to File Additional Exhibit

**Exhibit # 5**  Letter from SCFO's Responding to Request to Correct Inaccurate Info

**Exhibit # 6**   Petition for Removal of GPS Tracking Device

**Exhibit # 7**   Motion for Notice to Set Hearing On: Petition for Removal of GPS Tracking Device

**Exhibit # 8**   Challenge to Constitutionality of State Statute/GPS Tracking Device

**Exhibit # 9**   Letter from SCFO's Denying Services of an Expert Witness

**Exhibit # 10**   Motion to Appoint Expert Witness for Biennial Review Including Motion to Appoint Counsel

**Exhibit # 11**   Motion for Notice to Set Hearing On: Motion to Appoint Expert Witness for Biennial Review Including Motion to Appoint Counsel

**Exhibit # 12**   Letter from SCFO's Denying to be Present During Psych Evaluation

**Exhibit # 13**   Motion to Appoint Expert Witness for Biennial Review Dated Feb. 21, 2018

**Exhibit # 14**   Motion to Stay Biennial Review Proceedings Pending Appointment of an Expert Witness

**Exhibit # 15**   Motion for Notice to Set Hearing On: Motion to Stay Biennial Review Proceedings Pending Appointment of an Expert Witness

**Exhibit # 16**   Affidavit Attesting to All Previously Filed Motions

**Exhibit # 17**   Declaration of Financial Inability to Hire Counsel with Financial Worksheet

**Exhibit # 18**   Original Contract of SCFO's as Representatives

**Exhibit # 20**   Petitioner's Motion Denouncing Present Counsel and Request to Be Present for His 2018 Biennial Review

**Exhibit # 20**   Motion to Compel the Committing Court to: Hear and Rule on Previously Filed Motions in Conjunction with Biennial Review

**Exhibit # 21** Copy of Biennial Review Order of Final Judgment

**Exhibit # 22** Motion Objecting to State Psychologist's Evaluation Regarding Petitioner's 2018 Biennial Review: First Set of Objections

**Exhibit # 23** Motion to Admit Supplemental Evidence in Support of Petitioner's 2018 Biennial Review with Exhibit List

**Exhibit # 24** Personal Affidavit in Reference to: Motion to Admit Supplemental Evidence in Support of Petitioner's 2018 Biennial Review

**Exhibit # 25** Petitioner's Summary of the Preceding Two-years in Civil Commitment: April 2016-April 2018

**Exhibit # 26** Motion Objecting to TCCO's Case Manger's Summary Regarding Petitioner's 2018 Biennial Review

**Exhibit # 27** Motion to Take Judicial Notice of All Exhibits Entered with Previous Filings in Conjunction Therewith: Petitioner's 2018 Biennial Review

**Exhibit # 28** Letter Written to SCFO's Requesting Why Relator was Never Notified of the Pending May 9, 2018 Biennial Review of Facts Hearing? Including Response by SCFO's.

**Exhibit # 29** Additional Motions Filed After Biennial Review Final Order:

    a.) Motion for Finding of Facts and Conclusions of Law
    b.) Motion to Set Aside/Vacate or Reconsider
    c.) Affidavit in Support of Motion to Vacate
    d.) Notice of Appeal
    e.) Motion to Compel Hearing and Ruling on Appeal/Other Motions
    f.) Designation of Clerk's Record for Appeal

**Exhibit # 30** Correspondence sent to Respondent Dated July 9, 2018

**NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA**

Cause Number: _____

*(The Clerk's office will fill in the Cause Number when you file this form.)*

Plaintiff: Stephen Patrick Black

*(Print first and last name of the person filing the lawsuit.)*

**And**

Defendant: State of Texas

*(Print first and last name of the person being sued.)*

In the *(check one)*:

☑ District Court Appellate Court
☐ County Court / County Court at Law
☐ Justice Court

Court Number

Bexar

County

Texas

# Statement of Inability to Afford Payment of Court Costs or an Appeal Bond

## 1. Your Information

My full legal name is: Stephen Patrick Black   My date of birth is: 02 / 20 / 1965

First   Middle   Last   Month/Day/Year

My address is: *(Home)* Texas Civil Commitment Center

*(Mailing)* 2600 South Sunset Avenue, Littlefield, Texas 79339

My phone number: N/A   My email: N/A

About my **dependents**: "The people who depend on me financially are listed below.

| Name | Age | Relationship to Me |
|------|-----|--------------------|
| 1 N/A | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |

## 2. Are you represented by Legal Aid?

☐ I am being represented in this case for free by an attorney who works for a legal aid provider or who received my case through a legal aid provider. I have attached the certificate the legal aid provider gave me as 'Exhibit: Legal Aid Certificate.

-or-

☐ I asked a legal-aid provider to represent me, and the provider determined that I am financially eligible for representation, but the provider could not take my case. I have attached documentation from legal aid stating this.

or-

☑ I am not represented by legal aid. I did not apply for representation by legal aid.

## 3. Do you receive public benefits?

☑ I do not receive needs-based public benefits. **- or -**

☐ I receive these **public benefits/government entitlements** that are based on indigency:

*(Check ALL boxes that apply and attach proof to this form, such as a copy of an eligibility form or check.)*

☐ Food stamps/SNAP   ☐ TANF ☐ Medicaid ☐ CHIP ☐ SSI ☐ WIC ☐ AABD
☐ Public Housing or Section 8 Housing ☐ Low-Income Energy Assistance ☐ Emergency Assistance
☐ Telephone Lifeline ☐ Community Care via DADS ☐ LIS in Medicare ("Extra Help")
☐ Needs-based VA Pension ☐ Child Care Assistance under Child Care and Development Block Grant
☐ County Assistance, County Health Care, or General Assistance (GA)
☐ Other: N/A

© Form Approved by the Supreme Court of Texas by order in Misc. Docket No. 16-9122
*Statement of Inability to Afford Payment of Court Costs*

**4. What is your monthly income and income sources?**

"I get this monthly income:

$ 0 in monthly wages. I work as a _N/A_ for _N/A_
*Your job title* *Your employer*

$ 0 in monthly unemployment. I have been unemployed since *(date)* _N/A_

$ 0 in public benefits per month.

$ 0 from other people in my household each month: *(List only if other members contribute to your household income.)*

$ 0 from ☐ Retirement/Pension   ☐ Tips, bonuses   ☐ Disability   ☐ Worker's Comp
☐ Social Security   ☐ Military Housing   ☐ Dividends, interest, royalties
☐ Child/spousal support
☐ My spouse's income or income from another member of my household *(if available)*

$ 50.00 from other jobs/sources of income. *(Describe)* Gift from Friend

$ 50.00 is my *total* monthly income. Average Approximately

**5. What is the value of your property?**

"My **property** includes:                          Value*

Cash                                               $ 4.74

Bank accounts, other financial assets

_____                            $ 0

_____                            $ 0

_____                            $ 0

Vehicles (cars, boats) *(make and year)*

_____                            $ 0

_____                            $ 0

_____                            $ 0

Other property (like jewelry, stocks, land, another house, etc.)

_____                            $ 0

_____                            $ 0

_____                            $ 0

Total value of property → $ 4.74

*The value is the amount the item would sell for less the amount you still owe on it, if anything.

**6. What are your monthly expenses?**

"My **monthly expenses** are:                       Amount

Rent/house payments/maintenance                    $ 0

Food and household supplies                         $ 0

Utilities and telephone                             $ 0

Clothing and laundry                                $ 0

Medical and dental expenses                         $ 0

Insurance (life, health, auto, etc.)                $ 0

School and child care                               $ 0

Transportation, auto repair, gas                    $ 0

Child / spousal support                             $ 0

Wages withheld by court order

Debt payments paid to: *(List)*                     $ 0

_____                            $ 0

_____                            $ 0

_____                            $ 0

Total Monthly Expenses → $ 0

**7. Are there debts or other facts explaining your financial situation?**

"My **debts** include: *(List debt and amount owed)* _N/A_

_____

*(If you want the court to consider other facts, such as unusual medical expenses, family emergencies, etc., attach another page to this form labeled "Exhibit: Additional Supporting Facts.")* Check here if you attach another page.☐

**8. Declaration**

I declare under penalty of perjury that the foregoing is true and correct. I further swear:
☑ I cannot afford to pay court costs.
☑ I cannot furnish an appeal bond or pay a cash deposit to appeal a justice court decision.

My name is _Stephen Patrick Black_. My date of birth is _02/20/1965_

My address is _2600 S. Sunset Ave._  _Littlefield_  _Tx_  _79339_  _USA_
*Street*            *City*          *State*  *Zip Code*  *Country*

► _[signature]_ signed on _09/19/18_ in _Lamb_ County, _Texas_
*Signature*            *Month/Day/Year*  *county name*        *State*

# CERTIFICATE OF RESIDENT TRUST ACCOUNT

I, the undersigned officer of the <u>Texas Civil Commitment Center (TCCC)</u> where <u>Stephen Patrick Black #04155143</u> is a resident, do hereby certify that:

1.   On this date the Resident has in his trust account a balance of   <u>$ 22.15</u>

2.   During the last 6 months the Resident's

    Average monthly balance was:   <u>$93.58</u>
    Average deposits were:   <u>$60.25</u>

Attached is a certified copy of the Residents' trust fund account statement showing transactions for the last 6 months. Resident Black currently has an encumbrance of $21.00. This encumbrance was placed on the account in April 2017 and does not affect the Residents' indigent status at TCCC.

Signed this <u>01ˢᵗ</u> day of <u>August</u> , 20 <u>18</u>.

<u>                    </u>
Authorized Officer
Institution of Residence

Mariah Salinas
Accounting Specialist
Texas Civil Commitment Center

Authorization

I, the undersigned Resident, authorize the institution where I am residing to withdraw and forward to the court any initial partial filing fee or appeal fee and any subsequent installments ordered by a Court under the *in forma pauperis* provisions of 28 U.S.C. § 1915.

<u>                    </u>
Signature of Resident

<u># 04155143         </u>
Resident ID No.

Comment: The Average Monthly Balance and Average Deposits also reflect the encumbered $ 21.00, alloted by TCCO for a State I.D. Card. It is being held in escrow until the I.D. is purchased. This does not reflect the true averages due to the encumbered $ 21.00. ⑤.

```
===================================================
          Correct Care Texas Civil Commitment Center
===================================================
                    Resident Account Summary
                 Tuesday, August 21, 2018  @06:44

================================================================================
For CIN: 04155143     BLACK, STEPHEN PATRICK
--------------------------------------------------------------------------------
   Date    Transaction Description            Amount   Balance   Owed    Held    Reference
--------------------------------------------------------------------------------
08/20/2018 EPR         OID:100011820-ComisaryPur(  -7.05    22.15   0.00    0.00   08/20/2018
08/20/2018 PHOTOGRAPHY VOID-2 PHOTOS               1.00    29.20   0.00    0.00   08/20/2018
08/20/2018 PHOTOGRAPHY 2 PHOTOS                   -1.00    28.20   0.00    0.00   08/20/2018
08/16/2018 ERF         OID:100011610-ComisaryRef  6.90    29.20   0.00    0.00   08/16/2018
08/13/2018 EPR         OID:100011738-ComisaryPur( -2.70    22.30   0.00    0.00   08/13/2018
08/13/2018 PHOTOGRAPHY 2 PHOTOS                   -1.00    25.00   0.00    0.00   08/13/2018
08/13/2018 PHOTOGRAPHY VOID-4 PHOTOS              2.00    26.00   0.00    0.00   08/13/2018
08/13/2018 PHOTOGRAPHY 4 PHOTOS                   -2.00    24.00   0.00    0.00   08/13/2018
08/06/2018 EPR         OID:100011610-ComisaryPur( -27.98   26.00   0.00    0.00   08/06/2018
07/30/2018 EPR         OID:100011537-ComisaryPur( -5.15    53.98   0.00    0.00   07/30/2018
07/30/2018 PHOTOGRAPHY 4 PHOTOS                   -2.00    59.13   0.00    0.00   07/30/2018
07/30/2018 WDRAWAL CHE S BLACK 04155143 TCCO FEE: -10.00   61.13   0.00    0.00   07/30/2018
07/27/2018 DEPOSIT MO  POSTAL MONEY ORDER         50.00    71.13   0.00    0.00   07/27/2018
07/23/2018 EPR         OID:100011399-ComisaryPur( -94.82   21.13   0.00    0.00   07/23/2018
07/18/2018 PHOTOGRAPHY 4 PHOTOS                   -2.00    115.95  0.00    0.00   07/18/2018
07/11/2018 COPY CHARGE 100 COPIES                 -10.00   117.95  0.00    0.00   07/11/2018
07/09/2018 WDRAWAL CHE S BLACK 04155143 TCCO FEE: -15.00   127.95  0.00    0.00   07/09/2018
07/04/2018 COPY CHARGE 100 COPIES                 -10.00   142.95  0.00    0.00   07/04/2018
07/03/2018 WDRAWAL CHE S BLACK 04155143 TCCO FEE: -25.00   152.95  0.00    0.00   07/03/2018
06/27/2018 DEPOSIT MO  POSTAL MONEY ORDER         75.00    177.95  0.00    0.00   06/27/2018
06/27/2018 PHOTOGRAPHY VOID-4 PHOTOS              2.00    102.95  0.00    0.00   06/27/2018
06/27/2018 PHOTOGRAPHY 4 PHOTOS                   -2.00    100.95  0.00    0.00   06/27/2018
06/25/2018 WDRAWAL CHE WALKENHORST'S ACCOUNT      -10.00   102.95  0.00    0.00   06/25/2018
06/22/2018 COPY CHARGE 50 COPIES                  -5.00    112.95  0.00    0.00   06/22/2018
06/20/2018 PHOTOGRAPHY 4 PHOTOS                   -2.00    117.95  0.00    0.00   06/20/2018
06/04/2018 DEPOSIT MO  POSTAL MONEY ORDER         66.00    119.95  0.00    0.00   06/04/2018
05/22/2018 COPY CHARGE 50 COPIES                  -5.00    53.95   0.00    0.00   05/22/2018
05/17/2018 PHOTOGRAPHY 4 PHOTOS                   -2.00    58.95   0.00    0.00   05/17/2018
05/14/2018 EPR         OID:100010556-ComisaryPur( -20.00   60.95   0.00    0.00   05/14/2018
05/12/2018 COPY CHARGE 100 COPIES                 -10.00   80.95   0.00    0.00   05/12/2018
05/03/2018 COPY CHARGE VOID-13 COPIES             1.30    90.95   0.00    0.00   05/03/2018
05/03/2018 COPY CHARGE 13 COPIES                  -1.30    89.65   0.00    0.00   05/03/2018
04/16/2018 PHOTOGRAPHY 4 PHOTOS                   -2.00    90.95   0.00    0.00   04/16/2018
04/02/2018 EPR         OID:100009998-ComisaryPur( -2.63    92.95   0.00    0.00   04/02/2018
03/26/2018 EPR         OID:100009935-ComisaryPur( -4.16    95.58   0.00    0.00   03/26/2018
03/26/2018 COPY CHARGE COPIES OF PROPERTY PAPERS  -0.75    99.74   0.00    0.00   03/26/2018
03/26/2018 WDRAWAL CHE STEPHEN BLACK 04155143     -30.00   100.49  0.00    0.00   03/26/2018
03/21/2018 DEPOSIT MO  POSTAL MONEY ORDER         50.00    130.49  0.00    0.00   03/21/2018
03/19/2018 EPR         OID:100009848-ComisaryPur( -3.11    80.49   0.00    0.00   03/19/2018
03/15/2018 COPY CHARGE COPIES OF LEGAL MAIL       -0.30    83.60   0.00    0.00   03/15/2018
03/13/2018 EPR         OID:100009818-ComisaryPur( -4.16    83.90   0.00    0.00   03/13/2018
03/05/2018 EPR         OID:100009674-ComisaryPur( -1.00    88.06   0.00    0.00   03/05/2018
```

# EXHIBIT #1

Docketing Sheet for Cause No: CV-15-1805

# REGISTER OF ACTIONS
## CASE NO. 15-1805-CV

| RELATED CASE INFORMATION |
| --- |

**Related Cases**
05-0070-CR (Other)

| PARTY INFORMATION |
| --- |

Attorneys

| EVENTS & ORDERS OF THE COURT |
| --- |

**DISPOSITIONS**

04/07/2016 | Final Jury Verdict (Judicial Officer: Steel, Gary)
Party(THE STATE OF TEXAS; BLACK, STEPHEN PATRICK)

**OTHER EVENTS AND HEARINGS**

| Date | Event | | |
| --- | --- | --- | --- |
| 09/11/2015 | Docket Sheet | | |
| 09/11/2015 | Original Petition (OCA) | | |
| 09/11/2015 | Copy(s) | | |
| 09/11/2015 | Citation | | |
| | BLACK, STEPHEN PATRICK | Served | 11/03/2015 |
| | | Returned | 11/06/2015 |
| 10/07/2015 | Request | | |
| 10/19/2015 | Designation | | |
| 10/20/2015 | Notice | | |
| 10/20/2015 | Correspondence | | |
| 10/21/2015 | Designation | | |
| 11/03/2015 | Other (12:00 PM) () | | |
| 11/03/2015 | Motion | | |
| 11/03/2015 | Order | | |
| 11/03/2015 | Appointment | | |
| 11/03/2015 | Order | | |
| 11/03/2015 | Comment | | |
| 11/03/2015 | Order | | |
| 11/06/2015 | Citation | | |
| 11/09/2015 | Acknowledgment | | |
| 11/09/2015 | Notice | | |
| 11/09/2015 | Notice | | |
| 11/12/2015 | Rule 11 Agreement | | |
| 11/13/2015 | Original Answer | | |
| 12/18/2015 | Designation | | |
| 01/04/2016 | Designation | | |
| 01/08/2016 | Notice | | |
| 01/15/2016 | Notice | | |
| 01/19/2016 | List | | |
| 01/22/2016 | Notice | | |
| 01/22/2016 | Amended Filing | | |
| 01/29/2016 | Notice of Intention | | |
| 02/09/2016 | Order | | |
| 02/10/2016 | Subpoena | | |
| 02/11/2016 | Order | | |
| 02/16/2016 | Request | | |
| 02/25/2016 | Certificate of Deposition | | |
| 03/01/2016 | Notice | | |
| 03/04/2016 | Notice | | |
| 03/14/2016 | Exhibit | | |
| 03/14/2016 | Motion | | |
| 03/17/2016 | List | | |
| 03/17/2016 | Notice | | |
| 03/21/2016 | List | | |
| 03/21/2016 | List | | |
| 03/21/2016 | Motion | | |
| 03/21/2016 | Motion | | |
| 03/21/2016 | Correspondence | | |
| 03/21/2016 | Correspondence | | |
| 03/21/2016 | Correspondence | | |
| 03/21/2016 | Correspondence | | |
| 03/23/2016 | Certificate of Deposition | | |
| 03/23/2016 | Certificate of Deposition | | |
| 03/30/2016 | Announcement (9:00 AM) () | | |
| 03/30/2016 | Comment | | |
| 03/30/2016 | Motion | | |
| 03/30/2016 | Order | | |
| 03/30/2016 | Order | | |
| 04/01/2016 | Notice | | |
| 04/04/2016 | Jury Trial (9:00 AM) () | | |
| 04/04/2016 | Motion | | |
| 04/04/2016 | Agreement | | |

EXHIBIT

# 1



| 02/22/2018 | Motion | To Appoint Expert Witness for Biennial Review |
| 02/22/2018 | Motion | To File Additional Exhibit To Remove Incorrect Info. |
| 02/22/2018 | Proposed Order to be Signed by Judge | To Appoint Expert Witness for Biennial Review |
| 03/05/2018 | Motion to Stay | Biennial Review Proceedings Pending App. of Expert |
| 03/05/2018 | Proposed Order to be Signed by Judge | on motion to Stay proceedings above |
| 03/05/2018 | Affidavit | Regarding Appointment of an Expert Witness |
| 03/05/2018 | Motion | For Notice to Set Hearing on Motion to Stay Biennial Review |
| 03/29/2018 | Correspondence | To File Challenge to Constitutionality of a State Statute Form |
| 03/29/2018 | Comment | Challenge Constitutionality of GPS Tracking Device |
| 04/05/2018 | Report | |
| 05/09/2018 | Letter | |
| 05/09/2018 | Correspondence | |
| 05/09/2018 | Correspondence | |
| 05/09/2018 | Motion | |
| 05/10/2018 | Motion | |
| 05/11/2018 | Motion | To Compel Committing Court To Hear and Rule on Motions |
| 05/11/2018 | Motion | Motion Denouncing SCPD's as Present Counsel |
| 05/14/2018 | Affidavit | A for Motion to Admit Supplemental Evidence |
| 05/14/2018 | Supplement | Motion to Admit Supplemental Evidence for Biennial |
| 05/14/2018 | Motion | Objecting to State Psychologist Evaluation |
| 05/14/2018 | Exhibit | List for Supplemental Evidence |
| 05/14/2018 | Affidavit | |
| 05/14/2018 | Motion | Petitioner's Summary of Two-Years of Civil Commitment |
| 05/17/2018 | Order | Biennial Review Order |
| 5/21/2018 | Motion | Objecting to TCCO's Summary of Petitioner |
| 5/21/2018 | Motion to Take Judicial Notice Exhibits | Financial Information |

Attorney TORRES, SAMANTHA
Total Financial Assessment 0.00
Total Payments and Credits 0.00
Balance Due as of 05/18/2018 0.00

Relator was unable to obtain a more recent
docket sheet and files this exhibit to further
support his mandamus request for relief.

# **EXHIBIT #2**

Motion Requesting Committing Court to Order Forensic Psychologist to Remove Incorrect Information from Final Evaluation/with Appendix To the Exhibits. Including:  A Letter to the Clerk and a Declaration/Affidavit

Stephen Patrick Black #04155143
Texas Civil Commitment Center
2600 South Sunset Avenue
Littlefield, Texas 79339

FILED
OCT 16 2017

DEBRA CROW
Clerk, Dist. Court, Guadalupe Co. Tx.
*[signature]*

October 9, 2017

Debra Crow.
District Clerk of Guadalupe County
211 West Court Street, #209
Seguin, Texas 78155

RE:  In the Commitment of Stephen Patrick Black Cause No: CV 15-1805

Dear Ms. Crow:

I was adjudicated in your court on April 7, 2016. Please find enclosed a Motion to the Court requesting to have erroneous information removed from my files, pertaining to my ongoing civil commitment.

The Texas Civil Commitment Office continues to use this erroneous information to assess and develop a treatment plan after I have repeatedly asked them to remove it, by providing factual documentation validating the truth.  Furthermore, they continue sharing this erroneous information with other agencies: private and governmental.

I have also enclosed a S.A.S.E to send back the file stamp copy.

Thank you for assisting me in this important matter.

Sincerely,

*[signature]*

Stephen Patrick Black

EXHIBIT
# 2



FILED
4:05 M
OCT 16 2017

DEBRA CROW
Clerk Dist. Court, Guadalupe Co. Tx.

CAUSE NO: <u>CV 15-1805</u>

| | | |
|---|---|---|
| IN RE THE COMMITMENT OF | § | IN THE DISTRICT COURT |
| | § | |
| | § | GUADALUPE COUNTY |
| | § | |
| STEPHEN PATRICK BLACK | § | 274th JUDICIAL DISTRICT |

---

## MOTION REQUESTING THE COMMITTING COURT
## TO ORDER FORENSIC PSYCHOLOGIST TO REMOVE
## INCORRECT INFORMATION FROM FINAL EVALUATION

---

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Stephen Patrick Black (hereafter Petitioner), acting Pro Se in the above styled and numbered cause was adjudged and civilly committed in the 274th Judicial District Court of Guadalupe County on April 7, 2016. Herein, respectfully moves the Court to order Clinical and Forensic Psychologist Dr. Darrell B. Turner to remove inaccurate and false information contained in his final work product evaluation conducted on Petitioner June 12, 2015.

Wherein, Dr. Turner stated Petitioner was convicted of:

1.  "Five Counts of Indecency with a Child" when he is factually convicted of one count of indecency.  **(See Exhibit #1 Turner's Evaluation).**

2.  "He had a Driving while Intoxicated in 2003" when he is factually convicted of a D.W.I. in 1995.  **(See Exhibit #1 Turner's Evaluation).**

Furthermore, this inaccurate and false information has/is being used to develop Petitioner's past, present, and future treatment modalities in connection with his ongoing civil commitment **(See Exhibit #2 Individual Care Plan [ICP]).**

Exhibit #2



## CAUSE NO: CV 15-1805

| | | |
|---|---|---|
| IN RE THE COMMITMENT OF | § | IN THE DISTRICT COURT |
| | § | |
| | § | GUADALUPE COUNTY |
| | § | |
| STEPHEN PATRICK BLACK | § | 274th JUDICIAL DISTRICT |

---

## APPENDIX TO THE EXHIBITS

---

1. Dr. Turner's Evaluation

2. Texas Civil Commitment Center Integrated Care Plan

3. Letter Informing Dr. Turner

4. University Medical Center Documentation

5. Texas Civil Commitment Office/Texas Civil Commitment Center Grievances

6. Letter to State Counsel for Offenders Requesting Representation

7. 25th Judicial District Court Documentation/Judgment/Statement of Facts

8. D.P.S, Bexar County Sheriff, San Antonio Police Documentation

9. Letter from Texas Civil Commitment Office @ Request of Documentation

FILED
4:05 PM
OCT 1 6 2017

DEBRA CROW
Clerk, Dist. Court, Guadalupe Co. Tx.
Rebecca Arcos

Exhibit#2

CAUSE NO: <u>CV 15-1805</u>

FILED
4:05 PM
OCT 16 2017
DEBRA CROW
Clerk, Dist Court, Guadalupe Co. Tx.

| | | |
|---|---|---|
| IN RE THE COMMITMENT OF | § | IN THE DISTRICT COURT |
| | § | |
| | § | GUADALUPE COUNTY |
| | § | |
| STEPHEN PATRICK BLACK | § | 274th JUDICIAL DISTRICT |

## DECLARATION/AFFIDAVIT

TO THE HONORABLE JUDGE OF SAID COURT:

AFFIANT IS OF SOUND MIND AND OVER EIGHTEEN YEARS OF AGE.

Stephen Patrick Black hereby declares:

On May 21, 2015, Mr. Darrell B. Turner was referred by the TDCJ Multidisciplinary Team to perform a behavioral evaluation of Mr. Stephen Patrick Black to determine if he suffers from an alleged behavioral abnormality. On June 12, 2015, Mr. Turner did therein perform an evaluation on Mr. Black and concluded he suffered from an alleged behavioral abnormality. Contained in his final work product evaluation, Mr. Turner knowingly and intentionally sealed incorrect facts pertaining to two of Mr. Black's criminal convictions. He stated Mr. Black had a DWI in 2003, and 5 counts of indecency with a child. This incorrect information [past, present, future] is being used against Mr. Black in various ways, such as: the development of treatment modalities based on these incorrect offenses, and has been given to various organizations private and governmental like law enforcement, Correct Care Recovery Solutions (CCRS), etc.

On April 7, 2016, Mr. Black was prosecuted as an SVP, and is now under the care and control of the Texas Civil Commitment Office (TCCO). The Final Judgment and Commitment Order of the Committing Court state he must abide by the guidelines set by TCCO, and reside at the Texas Civil Commitment Center, located in Littlefield, Texas.

Exhibit #2

# EXHIBIT #3

Motion to Compel Ruling On: Motion Requesting Committing Court to Order Forensic Psychologist to Remove Incorrect Information from Final Evaluation

FILED
12:30 PM
DEC 04 2017
DEBRA CROW
Clerk, Dist. Court, Guadalupe Co. Tx.

IS-1805-cv

CAUSE NO: <u>CV 15-1805</u>

| | | |
|---|---|---|
| IN RE THE COMMITMENT OF | § | IN THE DISTRICT COURT |
| | § | |
| | § | GUADALUPE COUNTY |
| | § | |
| STEPHEN PATRICK BLACK | § | 274th JUDICIAL DISTRICT |

## MOTION TO COMPEL RULING ON:
### MOTION REQUESTING THE COMMITTING COURT TO ORDER FORENSIC PSYCHOLOGIST TO REMOVE INCORRECT INFORMATION FROM FINAL EVALUATION

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Stephen Patrick Black (hereafter Petitioner), acting Pro Se in the above styled and numbered cause was adjudged and civilly committed in the 274th Judicial District Court of Guadalupe County on April 7, 2016. Herein, respectfully compels the Committing Court to set a hearing or make a ruling regarding the Motion Requesting The Committing Court To Order Forensic Psychologist To Remove Incorrect Information From Final Evaluation.

Petitioner filed the aforementioned motion on October 9, 2017, and has not received a hearing date, or a ruling. Therefore, Petitioner respectfully requests the Committing Court to set a hearing date, or make a final ruling on the motion.

The aforementioned request is in the best interest of Petitioner and the State, wherein Petitioner is under the parens patriae doctrine as he is a ward of the State receiving treatment, pursuant to Texas Health and Safety Code §§



**EXHIBIT**
#3

# EXHIBIT #4

Motion for Notice to Set Hearing On: Motion Requesting Committing Court to Order Forensic Psychologist to Remove Incorrect Information from Final Evaluation.  Including: Motion to File Additional Exhibit



FILED
10:33 aM
FEB 0 8 2018
DEBRA CROW
Clerk, Dist. Court, Guadalupe Co. Tx

CAUSE NO: <u>CV 15-1805</u>

| | | |
|---|---|---|
| IN RE THE COMMITMENT OF | § | IN THE DISTRICT COURT |
| | § | |
| | § | GUADALUPE COUNTY |
| | § | |
| STEPHEN PATRICK BLACK | § | 274th JUDICIAL DISTRICT |

## MOTION FOR NOTICE TO SET HEARING ON:
## Motion Requesting the Committing Court to Order Forensic Psychologist to Remove Incorrect Information from Final Evaluation

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Stephen Patrick Black. (hereinafter Petitioner) in the above styled cause respectfully requests the honorable Judge of said Court to Set a hearing date at the Court's earliest convenience on the above aforementioned motion.

Petitioner has a double obstacle to overcome in that he is currently confined at the Texas Civil Commitment Center and is a Pro Se litigant. Therefore, he does not have the ability to speak directly with the District Clerk or the Court Coordinator to discuss setting a hearing.

Petitioner prays the Honorable judge will grant his request and set a hearing for the next available date on the Court's Docket.

Respectfully submitted,

Stephen Patrick Black #04155143
Texas Civil Commitment Center
2600 south Sunset Avenue
Littlefield, Texas 79339

EXHIBIT
# 4

File
Stamp Copy

CAUSE NO: CV 15-1805

FILED
11:3?AM
FEB 22 2018
DEBRA CROW
Clerk, Dist. Court, Guadalupe Co. Tx

| | | |
|---|---|---|
| IN RE THE COMMITMENT OF | § | IN THE DISTRICT COURT |
| | § | |
| | § | GUADALUPE COUNTY |
| | § | |
| STEPHEN PATRICK BLACK | § | 274th JUDICIAL DISTRICT |

## MOTION TO FILE ADDITIONAL EXHIBIT WITH:
### MOTION REQUESTING THE COMMITTING COURT TO ORDER FORENSIC PSYCHOLOGIST TO REMOVE INCORRECT INFORMATION FROM FINAL EVALUATION

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Stephen Patrick Black (hereafter Petitioner), acting Pro Se in the above styled and numbered cause was adjudged and civilly committed in the 274th Judicial District Court of Guadalupe County on April 7, 2016. Herein, respectfully moves the Court to file the enclosed additional Exhibit #10 to be included with the original motion filed on October 16th, 2017.

Petitioner asserts the enclosed Exhibit #10 further validates the fact that Darrell B. Turner's negligent final work product valuation is continuing to be used by clinical therapists employed by Correct Care Recovery Solutions at the Texas Civil Commitment Center for assessments, evaluations, and treatment.

Unfortunately, they are using it as an aid to develop an Individual Care Plan (ICP) for Petitioner's future treatment. They consistently use this incorrect information, contained in Turner's negligent evaluation, and Petitioner has filed civil litigation against therapist Dara Brown in the 154th Judicial District Court for knowingly and intentionally including it in the enclosed ICP labeled Exhibit #10.

Exhibit #4

1

# EXHIBIT #5

Letter from SCFO's Responding to Request to Correct Inaccurate Info



# State Counsel for Offenders

**Texas Board of Criminal Justice**
P.O. Box 4005
Huntsville, TX 77342-4005
(936) 437-5203

April 18, 2017

Stephen Black
TDCJ-ID #1379049
Texas Civil Commitment Center
2600 S. Sunset Dr.
Littlefield, TX 79339

Dear Mr. Black:

The jury trial received evidence of your convictions and not the opinions of the Physician as the primary evidence for finding you to be eligible for civil commitment. Therefore, the jury's conclusion would likely be the same.

Errors made on a report can be corrected if they are substantial errors are being relied upon to make other decisions. In other words, they would have to be resulting in a different outcome. So far we do not see how this error prejudices you. Their opinion.

We have reviewed your file and see that you had a Multi-count Indictment. The reviewing physician makes a semantic error in referring to "5 counts of indecency with a child"; however, in our view, this error is overcome by the Official conviction record which you have in your possession. Doctors are not making legal conclusions but referencing records made available to them. The court record remains the controlling record unless you can show errors in it by filing a Writ.

Some good news is that your Biennial reviews every 2 years offer a chance to correct the record. You may remind us to correct this and other errors during that review to ensure the reviewing judge gets a correct version of your conviction records and any other facts of significance to your case.

Sincerely,

Francis Mwangi
Staff Attorney
Legal Services Section

FMW/cco

cc:  File

**EXHIBIT**
#5



# EXHIBIT #6

Petition for Removal of GPS Tracking Device

CAUSE NO: <u>CV 15-1805</u>

FILED
~~12:35~~ M
DEC 04 2017
DEBRA CROW
Clerk, Dist. Court, Guadalupe Co. Tx.

| IN RE THE COMMITMENT OF | § | IN THE DISTRICT COURT |
| | § | |
| | § | GUADALUPE COUNTY |
| | § | |
| STEPHEN PATRICK BLACK | § | 274th JUDICIAL DISTRICT |

## PETITION FOR REMOVAL OF GPS TRACKING DEVICE

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Stephen Patrick Black (hereinafter Petitioner), acting Pro Se in the above styled and numbered cause was adjudged and civilly committed in the 274th Judicial District Court of Guadalupe County on April 7, 2016. Herein respectfully requests the committing court to grant the foregoing Petition for Removal of a GPS Tracking Device, to wit: a GPS leg monitor.[1]

Petitioner contends the application of the statute HSC §§ 841.082, and 841.0833, regarding the involuntary submission to wearing a GPS leg monitor tracking device (See Exhibit #5) while detained in a total confinement maximum-security facility (See Exhibit #4) is unconstitutional facially and as applied to him. Therefore, he challenges the constitutionality of this particular section of the statute: Title 11, Chapter 841 of the Texas Health and Safety Code, Civil Commitment of Sexually Violent Predator (SVP), Subchapter E §§ 841.082(a)(4)(A)(B), 841.0833, and the newly amended § 841.082(a)(4)(A)(i)-(iii), pursuant to Senate Bill (SB) 1576, section 16.

**EXHIBIT # 6**

---

[1] See Texas Health and Safety Code (HSC 841) § § 841.082(a)(4)(A)(B) (requiring Petitioner to submit to wearing a tracking device), and 841.0833, amended by SB 746 on Sept. 1, 2015, and SB 1576 § 16, on Sept. 1, 2017.

Page 1

# EXHIBIT # 7

Motion for Notice to Set Hearing On: Petition for Removal of GPS Tracking Device

FILED

10:33 a.M

FEB 0 8 2018

DEBRA CROW
Clerk, Dist. Court, Guadalupe Co. Tx

File Stamp Copy

CAUSE NO: <u>CV 15-1805</u>

| | | |
|---|---|---|
| IN RE THE COMMITMENT OF | § | IN THE DISTRICT COURT |
| | § | |
| | § | GUADALUPE COUNTY |
| | § | |
| STEPHEN PATRICK BLACK | § | 274th JUDICIAL DISTRICT |

## MOTION FOR NOTICE TO SET HEARING
## ON PETITION TO HAVE TRACKING DEVICE REMOVED

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Stephen Patrick Black. (hereinafter Petitioner) in the above styled cause respectfully requests the honorable Judge of said Court to Set a hearing date at the Court's earliest convenience on Petition to have Tracking Device Removed.

Petitioner has a double obstacle to overcome in that he is currently confined at the Texas Civil Commitment Center and is a Pro Se litigant. Therefore, he does not have the ability to speak directly with the District Clerk or the Court Coordinator to discuss setting a hearing.

Petitioner prays the Honorable judge will grant his request and set a hearing for the next available date on the Court's Docket.

Respectfully submitted,

_____
Stephen Patrick Black #04155143
Texas Civil Commitment Center
2600 south Sunset Avenue
Littlefield, Texas 79339

EXHIBIT
# 7

# EXHIBIT #8

Challenge to Constitutionality of State Statute/GPS
Tracking Device

File Stamp Copy

# Challenge to Constitutionality of a State Statute

Print

This form must be completed by a party filing a petition, motion or other pleading **challenging the constitutionality of a state statute**. The completed form must be filed with the court in which the cause is pending as required by Section 402.010 (a-1), Texas Government Code.

EXHIBIT #8

**Cause Number** *(For Clerk Use Only):*

**Court** *(For Clerk Use Only):*

Styled:

*(e.g., John Smith v. All American Insurance Co.; in re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

**Contact information for party\* challenging the constitutionality of a state statute.** *(\*If party is not a person, provide contact information for party, party's representative or attorney.)*

Name: Stephen Patrick Black
Address: 2600 South Sunset Ave.
City/State/Zip: Littlefield, Tx 79339
Email:

Telephone: N/A
Fax: N/A
State Bar No. (if applicable):
Pro-Se Litigant

FILED 3:04 PM
MAR 29 2018
DEBRA GROW
Clerk, Dist. Court, Guadalupe Co. Tx.

Person completing this form is: ☐ Attorney for Party ☒ Unrepresented Party ☐ Other:

**Identify the type of pleading you have filed challenging the constitutionality of a state statute**

☒ Petition    ☐ Answer    ☐ Motion (Specify type):
☐ Other:

**Is the Attorney General of the State of Texas a party to or counsel in this cause?**

☐ Yes    ☒ No

**List the state statute(s) being challenged in your pleading and provide a summary of the basis for your challenge.** (Additional pages may be attached if necessary.)

Title 11, Texas Health and Safety Code, Chapter 841 Civil Commitment of Sexually Violent Predators: Specifically 841.082(a)(4)(A)(i)-(iii), and 841.0833.

The specific sections deal with having a committed person be fitted with a GPS leg-monitor tracking device while being simultaneously detained in a maximum security prison (treatment) facility.

This form of excessive restraint is unnecessary and is punitive in its intent and effect. It is excessive in relation to its intended purpose. It also violates equal protection of the law because Tier 3 & 4 residents do not have to wear a GPS monitor while Tier 1 & 2 residents have to. This violates the mandate that similarly situated people shall be treated similarly. Thus, it amounts to discrimination.

9/5/13

# EXHIBIT #9

Letter from SCFO's Denying Services of an Expert Witness



# State Counsel for Offenders

### Texas Board of Criminal Justice

P.O. Box 4005

Huntsville, TX 77342-4005

(936) 437-5203

December 1, 2017

Stephen Black TDCJ#:1379049
Texas Civil Commitment Center
2600 S. Sunset Dr.
Littlefield, Tx 79339

Dear Mr. Black:

You wrote recently regarding your April 2018 BIR and specifically wanted to know if State Counsel for Offenders (SCFO) would hire an expert for you (independent of the expert provided by the State). You stated that you feel that the State expert is biased in favor of TCCO.

State Counsel will not provide an additional expert. If you want an independent evaluation, you would have to hire one at your expense. SCFO does provide an expert at the initial civil commitment trial and when you have an Authorized Petition for Release or a BIR hearing is ordered by the court.

Sincerely,

Francis Mwangi
Staff Attorney
Legal Services Section

FMW/cr

Cc:file close

EXHIBIT
# 9



**State Counsel for Offenders**

A Division of Texas Department of Criminal Justice

P.O. Box 4005
Huntsville, TX 77342-4005

September 22, 2017

Stephen Patrick Black
SID No. 04155143
Texas Civil Commitment Center
2600 South Sunset Avenue
Littlefield, Texas 79339

> Re:   *In Re: The Commitment of Stephen Patrick Black*
> *Cause No. CV-15-1805*

Dear Mr. Black,

I hope this letter finds you well. I am in receipt of your letter requesting a statement from Dr. Mauro that you do not suffer from a behavioral abnormality that makes you likely to engage in a predatory act of sexual violence.

I am unable to get a statement from Dr. Mauro regarding her opinion in your case. This statement would be a new request for supplemental work on your case, however the contract our office had with Dr. Mauro in your case ended when your civil commitment case concluded. In addition, our office is not legally authorized to represent you in an unauthorized petition for release therefore I am not authorized to make a request for a supplemental report from Dr. Mauro.

I am enclosing a copy of Dr. Mauro's deposition transcript and deposition exhibits from your case in hopes that it may be helpful to you.

If you have any questions or concerns please do not hesitate to contact me.

Sincerely,

Jisha Jaganathan
Staff Attorney
Civil Defense Section
(936) 521-6700
(936) 521-6721 facsimile

Exhibit # 9

Encl.
CC: File

# EXHIBIT #10

Motion to Appoint Expert Witness for Biennial Review Including Motion to Appoint Counsel

FILED
10:30A M
JAN 0 5 2018



DEBRA CROW
Clerk, Dist. Court, Guadalupe Co. Tx.

| | | |
|---|---|---|
| IN THE COMMITMENT OF | § | IN THE DISTRICT COURT |
| | § | GUADALUPE COUNTY |
| STEPHEN PATRICK BLACK | § | 274TH JUDICIAL DISTRICT |

---

## MOTION TO APPOINT EXPERT WITNESS
## FOR BIENNIAL REVIEW

---

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Stephen Patrick Black, Petitioner acting Pro Se in the above styled and numbered cause, wherein being indigent heretofore respectfully moves the Court to provide the funds for the expense of obtaining an expert witness.[1] Thereby, allowing Petitioner the opportunity to develop probable cause evidence required at a review hearing for a Biennial Review.[2] Petitioner asserts he cannot afford to hire an expert witness to assist in the evaluation, preparation, and presentation of his defense.[3] Therefore, he respectfully requests this Court to encompass dignity, mercy, and respect, in consideration of the foregoing motion.

At a Biennial Review Examination,[4] an extreme prejudice exists: 1.) The Texas Civil Commitment Office arranges for a one-sided State contracted psychological expert to examine the Petitioner. 2.) This is in the interest of the State and not the Petitioner. 3.) Moreover, he must overcome this extremely one-sided prejudicial evaluation.

---

[1] Pursuant to the Texas Health and Safety Code (HSC) 841.145(b).
[2] See HSC § 841.102
[3] See *Ake v. Oklahoma*, 470 U.S. 68 (1985).
[4] See HSC § 841.101.



**EXHIBIT**

# 10

FILED
<u>10:30A</u> M
JAN 0 5 2018
DEBRA CROW
Clerk, Dist. Court, Guadalupe Co. Tx.

| | | |
|---|---|---|
| IN RE: THE COMMITMENT OF | § | IN THE DISTRICT COURT |
| | § | GUADALUPE COUNTY |
| STEPHEN PATRICK BLACK | § | 274th JUDICIAL DISTRICT |

## MOTION TO APPOINT COUNSEL

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Stephen Patrick Black, Petitioner acting Pro Se, in the above styled and numbered cause respectfully moves the Court to proceed informa pauperis, and pleads with the Honorable Judge to grant this <u>Motion to Appoint Counsel</u>. Petitioner declares he is indigent, and cannot afford the services of a qualified attorney to represent him at his April 2018 Biennial Review.[1]

### STATEMENT OF FACTS

Petitioner deposes, he has requested the legal services of State Counsel for Offenders (SCFO) to represent him and obtain the services of a forensic psychological expert witness, but they denied his requests.[2] Wherewith, they are sanctioned by the Texas Health and Safety Code (HSC) 841.005 to represent indigent persons at Biennial Reviews, but despite their mandated duty Petitioner was completely denied representation by SCFO. Furthermore, pursuant HSC § 841.005(b) it states, "for <u>any reason</u> SCFO is unable to represent an indigent person...at a civil commitment proceeding...<u>the court shall appoint other counsel</u> to represent the indigent person." (Emphasis mine).

---

[1] See Texas Health and Safety Code (HSC) 841.102(b).
[2] See Exhibit #1, Letter to SCFO requesting the services of a forensic psychological expert witness.

Exhibit #12

# EXHIBIT #11

Motion for Notice to Set Hearing On: Motion to Appoint Expert Witness for Biennial Review Including Motion to Appoint Counsel

File
Stamp
Copy

FILED
11:30 M
FEB 1 4 2018

DEBRA CROW
Clerk, Dist. Court, Guadalupe Co. Tx.

CAUSE NO: CV 15-1805

| IN RE THE COMMITMENT OF | § | IN THE DISTRICT COURT |
| | § | |
| | § | GUADALUPE COUNTY |
| | § | |
| STEPHEN PATRICK BLACK | § | 274th JUDICIAL DISTRICT |

## MOTION FOR NOTICE TO SET HEARING
## FOR APPOINTMENT OF AN EXPERT WITNESS
## AT BIENNIAL REVIEW

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Stephen Patrick Black. (hereinafter Petitioner) in the above styled cause respectfully requests the honorable Judge of said Court to Set a hearing date at the Court's earliest convenience on/for Appointment Of An Expert Witness at Biennial Review.

Petitioner has a double obstacle to overcome in that he is currently confined at the Texas Civil Commitment Center and is a Pro Se litigant. Therefore, he does not have the ability to speak directly with the District Clerk or the Court Coordinator to discuss setting a hearing.

Petitioner prays the Honorable judge will grant his request and set a hearing for the next available date on the Court's Docket.

Respectfully submitted,

Stephen Patrick Black #04155143
Texas Civil Commitment Center
2600 south Sunset Avenue
Littlefield, Texas 79339

EXHIBIT
# 11

# EXHIBIT #12

Letter from SCFO's Denying to be Present During Psych Evaluation



# State Counsel for Offenders

### Texas Board of Criminal Justice

P.O. Box 4005

Huntsville, TX  77342-4005

(936) 437-5203

February 22, 2018

Stephen Black
TDCJ-ID # 1379049
Texas Civil Commitment Center
2600 S. Sunset Dr.
Littlefield, TX  79339

Dear Mr. Black:

You recently wrote asking if we can represent you at a BIR interview. Unfortunately we cannot be present at your evaluation interviews.

It is advisable to participate in the Evaluation interviews as this is the best opportunity to present yourself to the reviewer favorably.

A review of your file does not show you returned the HIPAA Release forms we had sent you which assists in setting up the Evaluation interview.

We are enclosing a new set and ask that you sign them and return them to our office.

Sincerely,

Francis Mwangi
Staff Attorney
Legal Services Section

FMW/lc

**EXHIBIT**

# 12

# EXHIBIT #13

Motion to Appoint Expert Witness for Biennial Review Dated Feb. 21, 2018

*File Stamp Copy*

CAUSE NO: CV-15-1805

FILED
FEB 2 2 2018
DEBRA CROW
Clerk, Dist. Court, Guadalupe Co. Tx.

| | | |
|---|---|---|
| IN THE COMMITMENT OF | § | IN THE DISTRICT COURT |
| | § | GUADALUPE COUNTY |
| STEPHEN PATRICK BLACK | § | 274TH JUDICIAL DISTRICT |

## MOTION TO APPOINT EXPERT WITNESS
## FOR BIENNIAL REVIEW
### **STATE PSYCHOLOGICAL INTERVIEW SCHEDULED FOR FEBRUARY 21, 2018**

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Stephen Patrick Black, Petitioner acting Pro Se in the above styled and numbered cause, wherein being indigent heretofore respectfully moves the Court to set a hearing on the above Motion to Appoint an Expert Witness for the April 7, 2018, Biennial Review to be conducted in the 274th Judicial District Court.

Petitioner declares the Texas Civil Commitment Office (TCCO) has scheduled an interview/Evaluation for February 21, 2018. Petitioner's need to be evaluated by an independent psychologist appointed by the Committing Court will enable him to challenge the opinions of the state contracted expert.[1] The State conducted evaluations are one-sided and prejudice Petitioner's ability to receive a balanced nonbiased opinion if his alleged behavioral abnormality has changed to the extent that he no longer is likely to be a threat to society.[2]

EXHIBIT # 13

---

[1] See *Ake v. Oklahoma*, 470 U.S. 68 (1985).
[2] See Texas Health and Safety Code § 841.002(2) ("'Behavioral abnormality' means a congenital or acquired condition that, by affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person.").

1

# EXHIBIT #14

Motion to Stay Biennial Review Proceedings
Pending Appointment of an Expert Witness

fip
stamp:
copy

CAUSE NO: 15-1805-CV

FILED
___ 12:15___ M
MAR 05 2018

DEBRA CROW
Clerk, Dist. Court, Guadalupe Co. Tx.

| | | |
|---|---|---|
| IN THE COMMITMENT OF | § | IN THE DISTRICT COURT |
| | § | GUADALUPE COUNTY |
| STEPHEN PATRICK BLACK | § | 274TH JUDICIAL DISTRICT |

## MOTION TO STAY BIENNIAL REVIEW PROCEEDINGS PENDING APPOINTMENT OF AN EXPERT FOR PETITIONER

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Stephen Patrick Black, Petitioner acting Pro Se in the above styled and numbered cause, heretofore respectfully moves the Court to grant the foregoing Motion to Stay Biennial Review Proceedings Pending Appointment of an Expert for Petitioner, pursuant to Texas Rules of Civil Procedure (TRCP) Rule 204.1(a)(1)(c)(1)(2) and Texas Health and Safety Code 841.145(b).

Petitioner has previously requested the Court to Appoint an Expert Psychologist to interview him for his April 7, 2018, Biennial Review to challenge the opinions of the State contracted examiner hired by the Texas Civil Commitment Office (TCCO). Wherein, Petitioner was interviewed on February 21, 2018, and was not afforded representation of counsel at the adversarial interview and has not been appointed or referred for a mental examination by the Court for his defense.

Wherefore Petitioner prays this Court Will Stay Proceedings of the Biennial Review scheduled for April 7, 2018, thereto is the biennial date of his present indefinite civil commitment.

**EXHIBIT**
# / 4

# EXHIBIT #15

Motion for Notice to Set Hearing On: Motion to Stay Biennial Review Proceedings Pending Appointment of an Expert Witness

Five
Stamp
Copy

CAUSE NO: <u>CV 15-1805</u>

| | | |
|---|---|---|
| IN RE THE COMMITMENT OF | § | IN THE DISTRICT COURT |
| | § | |
| | § | GUADALUPE COUNTY |
| | § | |
| STEPHEN PATRICK BLACK | § | 274th JUDICIAL DISTRICT |

## MOTION FOR NOTICE TO SET HEARING ON:
## MOTION TO STAY BIENNIAL REVIEW PROCEEDINGS
## PENDING APPOINTMENT OF AN EXPERT FOR PETITIONER

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Stephen Patrick Black. (hereinafter Petitioner) in the above styled cause respectfully requests the honorable Judge of said Court to Set a hearing date at the Court's earliest convenience on for Motion to Stay Biennial Review Proceedings Pending Appointment of an Expert for Petitioner.

Petitioner has a double obstacle to overcome in that he is currently confined at the Texas Civil Commitment Center and is a Pro Se litigant. Therefore, he does not have the ability to speak directly with the District Clerk or the Court Coordinator to discuss setting a hearing.

Petitioner prays the Honorable judge will grant his request and set a hearing for the next available date on the Court's Docket.

Respectfully submitted,

Stephen Patrick Black #04155143
Texas Civil Commitment Center
2600 south Sunset Avenue
Littlefield, Texas 79339

EXHIBIT #15

# EXHIBIT #16

Affidavit Attesting to All Previously Filed Motions

File Stamp Copy

CAUSE NO: 15-1805-CV

FILED
12:16 PM
MAR 05 2018
DEBRA CROW
Clerk, Dist. Court, Guadalupe Co. Tx.

| | | |
|---|---|---|
| IN THE COMMITMENT OF | § | IN THE DISTRICT COURT |
| | § | GUADALUPE COUNTY |
| STEPHEN PATRICK BLACK | § | 274TH JUDICIAL DISTRICT |

## AFFIDAVIT

THE STATE OF TEXAS
COUNTY OF LAMB.

Stephen Patrick Black, through an Unsworn Declaration swears and affirms to tell the truth, and states the following:

My name is STEPHEN PATRIC BLACK. I am of sound mind and capable of making this sworn statement. I have personal knowledge of the facts written in this statement. I understand that if I lie I may be held criminally responsible. This statement is true:

I have filed several motions in the 274th Judicial District Court regarding the Appointment of an Expert Witness to interview and evaluate me for the April 7, 2018, Biennial Review concerning my indefinite civil commitment. Furthermore, I have requested Appointment of Counsel since the statutorily mandated State Counsel for Offenders (SCFO) declined to be present during the state contracted interview/evaluation at the Texas Civil Commitment Center on February 21, 2018.

Moreover, SCFO picks and chooses when, where, why and what types of hearings or proceedings they want to be present for representation at, therefore I have requested the committing court to assign new court appointed counsel to represent me for the duration of my indefinite civil commitment. SCFO has repeatedly declined to represent me at hearings or proceedings, thus amounting to self-termination of their services.

EXHIBIT
# 16

Page 1 of 2

# EXHIBIT #17

Declaration of Financial Inability to Hire Counsel
with Financial Worksheet

CAUSE NO. 15-1805-CV

| IN RE: THE COMMITMENT OF | § | IN THE 435th DISTRICT COURT |
|---|---|---|
| | § | |
| | § | OF |
| | § | |
| Stephen Black | § | MONTGOMERY COUNTY, TEXAS |
| | § | |
| | § | |

## DECLARATION OF FINANCIAL INABILITY TO HIRE COUNSEL

"On this 12th day of March, 2018, I have been advised by the TCCO of my right to representation by counsel in the biennial review of my civil commitment. I am without means to employ counsel of my own choosing and I hereby request the Court to appoint counsel for me. I swear that the attached indigency worksheet is current, accurate, and true.

My name is Stephen Black, my date of birth is 02/20/1965, and my address is 2600 S. Sunset Ave, Littlefield TX 79339. I declare under penalty of perjury that the foregoing is true and correct. Executed in Lamb County, Texas on the 12th day of March, 2018. "

_____
Declarant

**EXHIBIT #17**

Client has requested other representation

Stephen Black has filed several motions in the committing court regarding Appointment of Counsel and Expert Witness. He is awaiting a response from the Judge. Furthermore, he filed a Motion to Stay Biennial Review Proceedings until those motions are answered.

Stephen Black

3/12/18

# FINANCIAL WORKSHEET

NAME: Stephen Black          DOB: 02/20/1965          DATE: 3/12/2018

ALL INFORMATION MUST BE CURRENT, ACCURATE, AND TRUE. INTENTIONALLY OR KNOWINGLY GIVING FALSE INFORMATION MAY RESULT IN YOUR PROSECUTION FOR THE OFFENSE OF AGGRAVATED PERJURY, A FELONY.

FAMILY STATUS:      I am MARRIED / NOT MARRIED (circle one). I have _____ dependent family members who live in my household and/or who rely upon me for their support. Their ages are: _____.

INCOME:          My monthly household income from all sources is $_____, received in the following amounts from the following sources:

| | | | | | |
|---|---|---|---|---|---|
| 1. | Salary: | _____ | 7. | Workman's Comp: | _____ |
| 2. | Spouse's Salary: | _____ | 8. | Other Gov't check: | _____ |
| 3. | Child Support: | _____ | 9. | Pension: | _____ |
| 4. | Unemployment: | _____ | 10. | Interest: | _____ |
| 5. | Social Security: | _____ | 11. | Other income: | _____ |
| 6. | Disability: | _____ | | | |

PROPERTY / ASSETS:      I own the following property with the values (minus lien indebtedness) listed below:

| | | | | | |
|---|---|---|---|---|---|
| 1. | Home: | _____ | 7. | Bank Accounts: | _____ |
| 2. | Cars: | _____ | 8. | Savings Accounts: | _____ |
| 3. | Boats: | _____ | 9. | Cash: | _____ |
| 4. | Other vehicles: | _____ | 10. | Other Real Property: | _____ |
| 5. | Stocks / Bonds: | _____ | 11. | Guns/livestock: | _____ |
| 6. | Collections: | _____ | 12. | All other assets, excluding household furniture: | _____ |

On this 12th day of March, 2018, I have been advised by the TCCO of my right to representation by counsel in the biennial review of my civil commitment. I am without means to employ counsel of my own choosing and I hereby request the court to appoint counsel for me. I understand that a court official can verify any of the information for accuracy to determine my eligibility for appointed counsel. By signing my name below, I swear, that all of the above information about my financial condition is current, accurate, and true.

_____
Signature

Unable to Sign due to conflict of Interest of Counsel.

Stephen Black          3/12/18          Rev. 4.22.2015

Exhibit #17

# EXHIBIT #18

Original Contract of SCFO's as Representatives

Electronically Filed
11/9/2015 3:39:13 PM
Debra Crow
Guadalupe County District Clerk
Jody Perry, Deputy

CAUSE NO. 15-1805-CV

IN RE: THE COMMITMENT OF       §       IN THE DISTRICT COURT OF
                               §
                               §       GUADALUPE COUNTY, TEXAS
                               §
STEPHEN PATRICK BLACK          §       274TH JUDICIAL DISTRICT

## ACKNOWLEDGMENT OF APPOINTMENT OF COUNSEL

On October 14, 2015, State Counsel For Offenders was appointed to represent Respondent, STEPHEN PATRICK BLACK per Chapter 841 of the Texas Health and Safety Code.

The Respondent herein, STEPHEN PATRICK BLACK, declares that such Respondent is indigent, as shown by the attached affidavit, and hereby acknowledges that, in accordance with the Texas Health and Safety Code, an attorney with the office of State Counsel for Offenders is appointed to represent the Respondent in this cause. Respondent understands that Respondent can also hire Respondent's own attorney.

SIGNED on ___10/21/15___

EXHIBIT
# 18

_____
STEPHEN PATRICK BLACK, Respondent

Relator's Comment: 9/17/18
There is no statement or language admonishing me that there is a conflict of interest in their representation. The Tex. Board of Crim. Justice funds TDCJ, who funds the SCFO's and the Special Prosecution Unit. Might as well said the prosecution was representing me. This contract was signed unknowingly, unintelligently, and unwillingly.

# EXHIBIT #19

Motion to Compel the Committing Court to: Hear and Rule on Previously Filed Motions in Conjunction with Biennial Review

FILED
10:57 AM

MAY 11 2018

DEBRA CROW
Clerk, Dist. Court, Guadalupe Co. Tx.

CAUSE NO: 15-1805-CV

| | | |
|---|---|---|
| IN THE COMMITMENT OF | § | IN THE DISTRICT COURT |
| | § | GUADALUPE COUNTY |
| STEPHEN PATRICK BLACK | § | 274TH JUDICIAL DISTRICT |

## MOTION COMPELLING THE COMMITTING COURT TO: HEAR AND RULE ON PREVIOUSLY FILED MOTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Stephen Patrick Black, Petitioner acting Pro Se in the above styled and numbered cause, respectfully requests leave of Court to GRANT the following: Motion Compelling the Committing Court to: Hear and Rule On Previously Filed Motions.

Petitioner, over the course of several months, has filed several motions in this Committing Court in reference to his 2018, Biennial Review with no response. The motions filed are as follows:

1. Motion to Appoint Counsel   12/28/17
2. Motion to Appoint Expert Witness   12/28/17
3. Motion to Set Hearing on Appointment of Counsel  2/3/18
4. Motion to Set Hearing on Appointment of Expert Witness  2/3/18
5. Motion to Appoint Expert Witness (again)   2/8/18
6. Motion to Stay Proceedings of Biennial Review   2/23/18
7. Motion to Set Hearing on Motion to Stay Proceedings of Biennial Review  2/26/18
8. Affidavit on Motion to Stay Proceedings on Biennial Review   2/26/18



EXHIBIT

# 19

MOTION COMPELLING THE COMMITTING COURT TO:
HEAR AND RULE ON PREVIOUSLY FILED MOTIONS

# EXHIBIT #~~19~~ 20

Petitioner's Motion Denouncing Present Counsel and Request to Be Present at His 2018 Biennial Review

FILED
10:57AM
MAY 1 1 2018

DEBRA CROW
Clerk, Dist. Court, Guadalupe Co. Tx.

| | | |
|---|---|---|
| IN THE COMMITMENT OF | § | IN THE DISTRICT COURT |
| | § | GUADALUPE COUNTY |
| STEPHEN PATRICK BLACK | § | 274TH JUDICIAL DISTRICT |

## PETITIONER'S MOTION DENOUNCING PRESENT COUNSEL AND REQUEST TO BE PRESENT FOR HIS 2018 BIENNIAL REVIEW

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Stephen Patrick Black, Petitioner acting Pro Se in the above styled and numbered cause, respectfully requests leave of Court, and the Honorable Judge to GRANT the foregoing: Petitioner's Motion Denouncing Present Counsel, and further Requests to Be Present for His 2018 Biennial Review.

### INTRODUCTION

Petitioner has previously requested this Committing Court to Appoint Counsel due to the fact that the statutorily mandated State Counsel for Offenders (SCFO) have denied on several occasions not to represent him for several proceedings attached to his ongoing civil commitment. Petitioner previously requested the SCFO's be present: 1.) at the Texas Civil Commitment Center for the Biennial Review interview conducted by the state contracted psychologist, 2.) to hire an expert witness on his behalf to challenge the opinions of the state contracted psychologist, 3.) to assist in an Unauthorized Petition for Release, and all of these requests have been denied.

(See Previously Filed Motion to Appoint Counsel Exhibits-Letters to SCFO's)

Additionally, Petitioner requests to be in attendance at the review of facts hearing affording him the ability to present oral testimony on his behalf, although this is contrary to the Texas Health and Safety Code (HSC) § 841.102(b).

EXHIBIT
#20

# EXHIBIT #21

Copy of Biennial Review Order of Final Order

NO. 15-1805-CV

FILED
9:50a M
MAY 17 2016
DEBRA CROW
Clerk, Dist. Court, Guadalupe Co.

| | | |
|---|---|---|
| IN RE: THE COMMITMENT OF | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | GUADALUPE COUNTY, TEXAS |
| | § | |
| STEPHEN PATRICK BLACK | § | 274th JUDICIAL DISTRICT |

## BIENNIAL REVIEW ORDER

On this date, the Court conducted a biennial review of the status of STEPHEN PATRICK BLACK, in accordance with Section 841.102 of the Texas Health and Safety Code. The Court reviewed the biennial packet submitted by the Texas Civil Commitment Office, which included a biennial examination of STEPHEN PATRICK BLACK, a summary of STEPHEN PATRICK BLACK's progress in the tiered sex offender treatment program, and a recommendation from STEPHEN PATRICK BLACK's case manager. After considering this information, the Court finds that probable cause does not exist to believe that STEPHEN PATRICK BLACK's behavioral abnormality has changed to the extent that he is no longer likely to engage in a predatory act of sexual violence. Further, this Court does not find that any of the requirements of STEPHEN PATRICK BLACK's civil commitment should be modified at this time.

IT IS THEREFORE ORDERED that STEPHEN PATRICK BLACK shall remain a committed person pursuant to Chapter 841 of the Texas Health and Safety Code. All requirements of the Final Judgment and Order of Commitment signed on April 7, 2016, shall remain unchanged and in full force and effect. This written order hereby concludes this biennial review of STEPHEN PATRICK BLACK's status.

The next biennial review of STEPHEN PATRICK BLACK shall be held two years from the date this biennial review order is signed by the Court.

SIGNED on ____May 9____, ____, 2018.

_____
JUDGE PRESIDING

EXHIBIT
# 21

# EXHIBIT #22

Motion Objecting to State Psychologist's Evaluation Regarding Petitioner's 2018 Biennial Review: First Set of Objections

| IN THE COMMITMENT OF | § | IN THE DISTRICT COURT |
| | § | |
| | § | GUADALUPE COUNTY |
| STEPHEN PATRICK BLACK | § | 274TH JUDICIAL DISTRICT |

FILED
12:06 M
MAY 14 2018
DEBRA CROW
Clerk, Dist. Court, Guadalupe Co. Tx.

## MOTION OBJECTING TO STATE PSYCHOLOGIST'S EVALUATION REGARDING PETITIONER'S 2018 BIENNIAL REVIEW: FIRST SET OF OBJECTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Stephen Patrick Black, Petitioner acting Pro Se in the above styled and numbered cause, respectfully moves the Court to review the following Motion Objecting to State Psychologist's Evaluation regarding Petitioner's 2018 Biennial Review. Petitioner's Biennial Review is required, pursuant to the Texas Health and Safety Code (HSC) § 841.101 – 841.103.

The HSC §§ 841.101 – 841.103 specifically states:

**Sec. 841.101. Biennial Examination.**

(a) A person committed under Section 841.081 shall receive a biennial examination. **The office shall contract for an expert to perform the examination.**

(b) In preparation for a judicial review conducted under Section 841.102, the office shall provide a report of the biennial examination to the judge and to the person. The report must include consideration of whether to modify a requirement imposed on the person under this chapter and whether to release the person from all requirements imposed on the person under this chapter.

**Sec. 841.102. Biennial Review.**

(a) Not later than the 60th day after the date of receipt of the report submitted under Section 841.101, the judge shall conduct a biennial



EXHIBIT
# 22
Page 1 of 8

# EXHIBIT #23

Motion to Admit Supplemental Evidence in Support
of Petitioner's 2018 Biennial Review with Exhibit List

FILED
12:06 M
MAY 1 4 2018
DEBRA CROW
Clerk, Dist. Court, Guadalupe Co. Tx

| | | |
|---|---|---|
| IN THE COMMITMENT OF | § | IN THE DISTRICT COURT |
| | § | GUADALUPE COUNTY |
| STEPHEN PATRICK BLACK | § | 274TH JUDICIAL DISTRICT |

## MOTION TO ADMIT SUPPLEMENTAL EVIDENCE
## IN SUPPORT OF PETITIONER'S 2018 BIENNIAL REVIEW

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Stephen Patrick Black, Petitioner acting Pro Se in the above styled and numbered cause, respectfully moves the Court to Admit the following Supplemental Evidence in Support of Petitioner's 2018 Biennial Review. Petitioner's Biennial Review is required, pursuant to the Texas Health and Safety Code (HSC) § 841.101 – 841.103.

The HSC §§ 841.101 – 841.103 specifically states:

### Sec. 841.101. Biennial Examination.

(a) A person committed under Section 841.081 shall receive a biennial examination. **The office shall contract for an expert to perform the examination.**

(b) In preparation for a judicial review conducted under Section 841.102, the office shall provide a report of the biennial examination to the judge and to the person. The report must include consideration of whether to modify a requirement imposed on the person under this chapter and whether to release the person from all requirements imposed on the person under this chapter.

### Sec. 841.102. Biennial Review.

(a) Not later than the 60th day after the date of receipt of the report submitted under Section 841.101, the judge shall conduct a biennial review of the status of the committed person and issue an order concluding the review or setting a hearing under Subsection (c).

(b) The person is entitled to be represented by counsel at the biennial review, but the person is not entitled to be present at that review.

(c) The judge shall set a hearing if the judge determines at the biennial review that:

**EXHIBIT**
**#23**
Page 1 of 7

**Motion to Admit Supplemental Evidence**
**In Support of Petitioner's 2018 Biennial Review**

IN THE COMMITMENT OF

§ FILED
12:06 PM
§ MAY 14 2018
DEBRA CROW
Clerk, Dist. Court, Guadalupe Co. Tx.

IN THE DISTRICT COURT

GUADALUPE COUNTY

STEPHEN PATRICK BLACK

§

274TH JUDICIAL DISTRICT

## EXHIBIT LIST FOR:
## MOTION TO ADMIT SUPPLEMENTAL EVIDENCE
## IN SUPPORT OF PETITIONER'S 2018 BIENNIAL REVIEW

1. **EXHIBIT #1**
   RESULTS FROM VARIOUS TESTS AND PROCEDURES
   a) PREVIOUS PSYCHOLOGICAL INTERVIEW WITH DR. MAURO STATING PETITIONER DOES NOT HAVE A BEHAVIORAL ABNORMALITY
   b) Dr. MAURO'S DEPOSITION
   c) POLYGRAPH INTERVIEW WITH PASSING RESULTS

2. **EXHIBIT #2**
   EDUCATIONAL TRANSCRIPTS FROM:
   a) NINE MONTH PRISON SEX OFFENDER TREATMENT
   b) GED CERTIFICATION
   c) LEE COLLEGE TRANSCRIPTS
   d) ECS MINISTRIES TRANSCRIPTS
   e) WYNDHAM SCHOOL DISTRICT COLLEGE REVIEW TRANSCRIPTS

3. **EXHIBIT #3**
   LETTERS OF, SUPPORT, ACCOMMODATION OR IN REFERENCE TO STUDIES COMPLETED:
   a) HONORABLE MENTION IN A PRISON NEWSPAPER WRITING CONTEST
   b) COMMENDATION LETTER FROM PREVIOUS WARDEN AT THE TDCJ WYNNE UNIT
   c) LETTER OF SUPPORT FROM MIDDLETOWN BIBLE CHURCH STATING I DID OVER 3500 PAGES OF BIBLE STUDIES AND WENT FARTHER THAN MANY OTHERS EVER HAVE
   d) TEN SUPPORT LETTERS FROM VARIOUS ORGANIZATIONS AND CHURCHES

Page 1 of 3

EXHIBIT LIST FOR:
MOTION TO ADMIT SUPPLEMENTAL EVIDENCE
IN SUPPORT OF PETITIONER'S 2018 BIENNIAL REVIEW


Exhibit #23

# EXHIBIT #24

Personal Affidavit in Reference to: Motion to Admit Supplemental Evidence in Support of Petitioner's 2018 Biennial Review

CAUSE NO: 15-1805-CV

| | | |
|---|---|---|
| IN THE COMMITMENT OF | § | IN THE DISTRICT COURT |
| | § | GUADALUPE COUNTY |
| STEPHEN PATRICK BLACK | § | 274TH JUDICIAL DISTRICT |

**PERSONAL AFFIDAVIT IN REFERENCE TO:**
**MOTION TO ADMIT SUPPLEMENTAL EVIDENCE**
**IN SUPPORT OF PETITIONER'S 2018 BIENNIAL REVIEW**

TO THE HONORABLE JUDGE OF SAID COURT:

THE STATE OF TEXAS
COUNTY OF LAMB.

     BEFORE ME, the undersigned authority, on this day personally appeared
Stephen Patrick Black _____, who swore or affirmed to tell the truth, and
stated as follows:

     My name is Stephen Patrick Black. I am of sound mind and
capable of making this sworn statement. I have personal knowledge of the facts written
in this statement. I understand that if I lie I may be held criminally responsible. This
statement is true:

     On February 21, 2018, I was interviewed by Dr. Charles Woodrick at Texas Civil
Commitment Center for my 2018, Biennial Review of facts concerning the possible
release from indefinite civil commitment. Dr. Woodrick was unaware of the additional
supplemental evidence I had in my possession, prior to our interview. Therefore, in light
of this supplemental evidence, I believe my alleged behavioral abnormality has changed
to the extent that I will no longer commit predatory acts of a sexual nature as claimed
by the opposition.

     Moreover, there is no criteria in which these professionals can accurately use to
justify claiming a person still possesses an alleged behavioral abnormality. Prior to our

**PERSONAL AFFIDAVIT IN REFERENCE TO:**
**MOTION TO ADMIT SUPPLEMENTAL EVIDENCE**
**IN SUPPORT OF PETITIONER'S 2018 BIENNIAL REVIEW**

**EXHIBIT**
# 24
Page 1 of 3

FILED
12:06 M
MAY 14 2018
DEBRA CROW
Clerk, Dist. Court, Guadalupe Co. Tx.

# EXHIBIT #25

Petitioner's Summary of the Preceding Two-years in Civil Commitment: April 2016-April 2018

FILED
12:06 P M
MAY 1 4 2018
DEBRA CROW
Clerk, Dist. Court, Guadalupe Co. Tx

CAUSE NO: 15-1805-CV

| | | |
|---|---|---|
| IN THE COMMITMENT OF | § | IN THE DISTRICT COURT |
| | § | GUADALUPE COUNTY |
| STEPHEN PATRICK BLACK | § | 274TH JUDICIAL DISTRICT |

## PETITIONER'S SUMMARY OF THE PRECEDING TWO-YEARS IN CIVIL COMMITMENT: APRIL 2016 - APRIL 2018 SUPPLEMENTAL EVIDENCE FOR THE 2018 BIENNIAL REVIEW

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Stephen Patrick Black, Petitioner acting Pro Se in the above styled and numbered cause, respectfully requests the Committing Court to accept and consider the foregoing: Petitioner's Summary of the Preceding Two-Years in Civil Commitment: April 2016 - April 2018 Supplemental Evidence for The 2018 Biennial Review.

Petitioner would respectfully show the Committing Court the following summary of the two-years he has participated in the civil commitment program: during incarceration, and at the Texas Civil Commitment Center (TCCC):

Petitioner was adjudicated as a sexually violent predator (SVP) on April 7, 2016, in the 274th Judicial District Court of Guadalupe County, Texas. Thereafter, Petitioner returned to the Texas Department of Criminal Justice (TDCJ) Beto Unit to complete his sentence, and the sex offender treatment program (SOTP) he was presently enrolled in.

At the time of adjudication, the Petitioner had completed four months of a nine-month SOTP program, wherein he received all passing grades. (See Exhibit #2a of Motion to Admit Supplemental Evidence for Biennial Review). Petitioner's participation was viewed as compliant and willing. Additionally, he was completing the five-month portion of the SOTP program with a clinical therapist named Ralph Phillips, who made various statements that the Petitioner was being genuine and sincere in his treatment, and effectively participating. (See Attachment A).

**PETITIONER'S SUMMARY OF THE PRECEDING TWO-YEARS IN CIVIL COMMITMENT: APRIL 2016 - APRIL 2018**

EXHIBIT
#25

# EXHIBIT #26

Motion Objecting to TCCO's Case Manger's Summary Regarding Petitioner's 2018 Biennial Review

FILED
10:3?AM
MAY 2 1 2018

DEBRA CROW
Clerk, Dist. Court, Guadalupe Co. Tx.

IN THE COMMITMENT OF § IN THE DISTRICT COURT

§ GUADALUPE COUNTY

STEPHEN PATRICK BLACK § 274TH JUDICIAL DISTRICT

---

## MOTION OBJECTING TO TEXAS CIVIL COMMITMENT OFFICE'S SUMMARY REGARDING PETITIONER'S 2018 BIENNIAL REVIEW: FIRST SET OF OBJECTIONS

---

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Stephen Patrick Black, Petitioner acting Pro Se in the above styled and numbered cause, respectfully moves the Court to review the following: Motion Objecting to Texas Civil Commitment Office's Summary Regarding Petitioner's 2018 Biennial Review. Petitioner's Biennial Review is required, pursuant to the Texas Health and Safety Code (HSC) § 841.101 – 841.103.

The HSC §§ 841.101 – 841.103 specifically states:

**Sec. 841.101. Biennial Examination.**

(a) A person committed under Section 841.081 shall receive a biennial examination. The office shall contract for an expert to perform the examination.

(b) **In preparation for a judicial review conducted under Section 841.102, the office shall provide a report of the biennial examination to the judge and to the person.** The report must include consideration of whether to modify a requirement imposed on the person under this chapter and whether to release the person from all requirements imposed on the person under this chapter.

**Sec. 841.102. Biennial Review.**

(a) Not later than the 60th day after the date of receipt of the report submitted under Section 841.101, the judge shall conduct a biennial review of the status of the committed person and issue an order concluding the review or setting a hearing under Subsection (c).
(b) The person is entitled to be represented by counsel at the biennial review, but the person is not entitled to be present at that review.

**EXHIBIT**
#26
Page 1 of 17

# EXHIBIT #27

Motion to Take Judicial Notice of All Exhibits
Entered with Previous Filings in Conjunction
Therewith: Petitioner's 2018 Biennial Review

FILED
10:35 AM
MAY 21 2018

DEBRA CROW
Clerk, Dist. Court, Guadalupe Co. Tx.

CAUSE NO: 15-1805-CV

| | | |
|---|---|---|
| IN THE COMMITMENT OF | § | IN THE DISTRICT COURT |
| | § | GUADALUPE COUNTY |
| STEPHEN PATRICK BLACK | § | 274TH JUDICIAL DISTRICT |

## MOTION TO TAKE JUDICIAL NOTICE OF ALL EXHIBITS ENTERED WITH PREVIOUS FILINGS IN CONJUNCTION THEREWITH: PETITIONER'S 2018 BIENNIAL REVIEW

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Stephen Patrick Black, Petitioner acting Pro Se in the above styled and numbered cause, respectfully moves the Court to GRANT the foregoing: Motion to Take Judicial Notice of All Exhibits Entered with All Filings in Conjunction Therewith: Petitioner's 2018 Biennial Review.

Petitioner asserts, pursuant to the Texas Rules of Evidence, Rule 201(b)(2)(c)(2)(d) the Committing Court can take Judicial Notice of a judicative fact if propounded as evidence by any party at any stage of a proceeding.[1]

Therefore, Petitioner respectfully requests the Honorable Judge Gary Steele to formally take judicial notice of all exhibits entered into the record, through his previous filings made in this Court, in conjunction with his 2018 Biennial Review of facts.

Petitioner contends, the veracity of the previously filed exhibits is self-authenticating. Moreover, these records (exhibits) can be verified. Thereto, are in the custody, control, and

---

[1] Pursuant to the Texas Rules of Evidence, Rule 201(b)(2)(c)(2)(d); see also *Vista Healthcare, Inc. v. Tex. Mut. Ins. Co.*, 324 S.W.3d 264, 2010 Tex. App. LEXIS 7046 (Tex. App. Austin 2010) ("To the extent certain matters were relevant to the court's analysis, the court took judicial notice of those matters.").

Motion to Take Judicial Notice of All Exhibits Entered
with Previous Filings in Conjunction Therewith:
Petitioner's 2018 Biennial Review

EXHIBIT
# 27
Page 1 of 3

# EXHIBIT #28

Letter Written to SCFO's Requesting Why Relator was Never Notified of the Pending May 9, 2018 Biennial Review of Facts Hearing?

Including Response letter from SCFO's

STEPHEN PATRICK BLACK #04155143
TEXAS CIVIL COMMITMENT CENTER
2600 SOUTH SUNSET AVENUE
LITTLEFIELD, TEXAS 79339

May 30, 2018

Francis Mwangi
State Counsel for Offenders
P.O. Box 4005
Huntsville, Texas 77342-4005

RE: Commitment of Stephen Patrick Black, Cause No: 15-1805-CV, Biennial Review Order.

Dear Mr. Mwangi:

It has come to my attention the Honorable Judger Gary Steele of the 274th Judicial District Court of Guadalupe County, Texas has signed the Biennial Review Commitment Order. It is very concerning to me why I was **NEVER** notified a hearing was to take place on May 9, 2018?

If the Court is not recognizing my filings, and they have been sending them to SCFO's, why have I not been informed as to the status of those filings? It is the duty of my statutorily mandated counsel to keep me informed of hearing dates, so **I**, or **we** can be sure to have all motions filed in the Court **"PRIOR"** to those hearing dates.

I want to know exactly why I was not informed of the May 9, 2018, Review of Facts hearing date scheduled in regards to my indefinite civil commitment? I have a right to be informed, and a reason for not being informed. I filed several motions in regards to my biennial review of facts prior to the hearing, and others that were filed several days late! Now I have to file a Motion to Vacate or Reconsider the Biennial Review Order based on ineffective assistance of counsel.

Moreover, I have a right to self-representation, and I elected to do so far before the review of facts hearing, by filing a Motion to Appoint Counsel. I stated in that motion there was a conflict of interest between me and the SCFO's, and I wanted court appointed counsel. If they did not elect to appoint counsel, then they should have given the alternative of self-representation!

Therefore, I will file in the Committing Court whatever it takes to have the Biennial Review of Facts hearing to be RE-CONDUCTED. I motioned the Court to Stay Proceedings, and to rule on all the motions I had filed, PRIOR to the review of facts, but they have been circumventing my Pro Se filings and routing them to SCFO's, who never notified me of the Court's actions.

**Correspondence to SCFO's Regarding**
**Ineffective Assistance of Counsel**

EXHIBIT
#28
Page 1 of 2

A writ of mandamus to the Fourth Court of Appeals will hopefully compel the Committing Court to remand the Review of Facts hearing for further Proceedings based on the fact all the previously filed motions were never heard or ruled on prior to its final determination. My SCFO's attorney never notified me of this predicament concerning the Committing Court not electing to answer my motions, because they are allegedly my "acting" attorney of record. However, they have neglected to stay in touch with me, and keep me informed as to the status of all filings, and the recommendations of the court, if any.

This letter is a formal notification of the dereliction of duty and neglect that has taken place between SCFO's, and myself. I have notified the Committing Court to allow self-representation, and to denounce SCFO's as my attorney of record, along with notification to SCFO's concerning my ongoing indefinite civil commitment. I have yet to receive an answer to these notifications.

Furthermore, this letter is to gain clarification as to why the Committing Court has elected not to rule on any of the motions I have filed, commencing on October 16, 2017, until the present? Is it because they believe SCFO's is the filing agent, and not the pro se litigant? This is very puzzling, because I have assisted other residents in their filings, and their committing courts always conduct a hearing on the filed motions, plus give a ruling. The 274th Judicial District Court has elected not to conducted a hearing, or a ruling on any of the motions I have filed. Is SCFO's interfering somehow?

I hope this letter is not too offensive in nature. I know the SCFO's is overburdened, underfunded, and understaffed. They cannot have my best interest at heart when they are told what to do by "higher-ups" in the Texas Department of Criminal Justice, which is overseen by the Texas Board of Criminal Justice. This is exactly where there is a conflict of interest lies.

Please respond to this correspondence with answers stating why the committing court has not set a hearing, or ruled on **ANY** of the motions I have filed commencing on October 16, 2017. Moreover, why I did not receive a notification from the committing court of the Biennial Review of Facts Hearing scheduled for May 9, 2018?

Thank you for assisting me in this request.

Sincerely,

Stephen Patrick Black

**Correspondence to SCFO's Regarding**
**Ineffective Assistance of Counsel**

Exhibit #28



# State Counsel for Offenders

### Texas Board of Criminal Justice

P.O. Box 4005
Huntsville, TX 77342-4005
(936) 437-5203

June 11, 2018

*SCFO's Response to Relator's Correspondence dated 5/30/18.*

Stephen Black #04155143
Texas Civil Commitment Center
2600 South Sunset Avenue
Littlefield, TX 79339

Re: BIR Proceedings

Dear Mr. Black:

You recently wrote about your Biennial review and touched on several issues. We address them in turn below:

**a) Presence at BIR hearing:**

You stated that you were surprised that a Biennial review was held on May 9, 2018 and you were not notified or invited to participate in the hearing. Our response is that the Statute allows the Judge to conduct a hearing without a formal hearing, in other words, by submission, and she can do so without notifying any of the parties. The physical presence of counsel or yourself is not required.

Sec. 841.102. BIENNIAL REVIEW (a) Not later than the 60th day after the date of receipt of the report submitted under Section 841.101, the judge shall conduct a biennial review of the status of the committed person and issue an order concluding the review or setting a hearing under Subsection (c).

(b) The person is entitled to be represented by counsel at the biennial review, but the person is not entitled to be present at that review. (Emphasis added).



Exhibit #28

**b) Prose Motions**:

Prior to the BIR hearing you had filed numerous pro se motions. You stated that the Court did not respond to your motions. Somehow you attribute the court's inaction on your motions to an act by our office which is incorrect. These motions were filed by you, acting pro se. State Counsel cannot intervene in a pro se motion. A court can choose to decide a motion or not decide it and make another decision that renders such motions moot. In this case by issuing a new commitment order, the Court decided to continue your commitment without any modifications to your commitment status and this rendered your motions moot. If there are any motions that you feel were not addressed by the court, you may contact the court clerk. Also please be advised that if you file pro se motions in the future, SCFO will not monitor, argue or otherwise intervene in the issues you present pro se. If you have an issue that we can assist with, you may write or request a phone call.

**c) Right to counsel in BIR proceedings:**

As we stated in our lengthy phone conversation with you on this issue, you have a right to counsel in BIR proceedings if you are indigent and in your case SCFO is your appointed counsel. You indicated during our conversation that you were not going to hire private counsel. As such, statutorily, SCFO is your appointed counsel until the court rules otherwise.

**d) Vacating a BIR order or Demanding a New BIR hearing**

The Court considers all evidence presented to the court before making a decision in a Biennial review. The issue before the court and the standard applied is to determine if:

(1) a requirement imposed on the person under this chapter *should be modified*; or. (2) probable cause exists to believe that your behavioral abnormality has *changed to the extent that you are no longer likely to engage in a predatory act of sexual violence*. **See Texas Health and Safety Code, Title 11, Section 841.102(c).**

The Court reviewed your file and determined that you did not meet either of the standards above. As we stated in a letter to you, the evaluation report by a State expert and your case managers stated that you are in **Tier 1 of the 5** tier program. They also stated that you have not completed treatment. Therefore, even assuming there was a basis for a re-hearing (none exists in the Statute), you likely would not prevail because the court has not abused its discretion in reviewing the evidence presented to the court. Furthermore, a Biennial review order is an interlocutory order and is not appealable.

Finally, there is no dereliction of duty by SCFO on your case as you claim. We contacted you and had lengthy conversations with you regarding your BIR hearing and even discussed the likely outcome of the BIR review in our opinion letter to you. As stated in that opinion letter, *you*


Exhibit #28

*being in Tier One of the program meant that the* court was **unlikely** to modify your commitment at that level regardless of any legal arguments made by SCFO *or other counsel.*

Based on what we have seen in the recent past, only persons who have progressed through treatment *stand a chance of having their commitment reviewed favorably. Such a favorable report would* give the court substantive <u>grounds</u> for modifying your commitment or release from the program.

Sincerely,

Francis Mwangi
Staff Attorney
Legal Services Section

FMW/aje

cc: file

Exhibit#28

# EXHIBIT #29

Additional Motions Filed After Biennial Review Final Order:

a.) Motion for Finding of Facts and Conclusions of Law

b.) Motion to Set Aside/Vacate or Reconsider

c.) Affidavit in Support of Motion to Vacate

d.) Notice of Appeal

e.) Motion to Compel Hearing and Ruling on Appeal/Other Motions

f.) Designation of Clerk's Record for Appeal

| | | |
|---|---|---|
| IN THE COMMITMENT OF | § | IN THE DISTRICT COURT |
| | § | GUADALUPE COUNTY, TEXAS |
| STEPHEN PATRICK BLACK | § | 274TH JUDICIAL DISTRICT |

## REQUEST FOR FINDINGS OF FACT
## AND CONCLUSIONS OF LAW

COMES NOW, Stephen Patrick Black, Petitioner acting Pro Se in the above styled and numbered cause respectfully files this: Request for Findings of Fact and Conclusions of Law for the 2018 Biennial Review of Facts Hearing conducted on May 9, 2018, in this above styled cause pursuant to the Texas Rules of Civil Procedure, Rule 296.

_____
Stephen Patrick Black #04155143
Pro Se Litigant
Texas Civil Commitment Center
2600 South Sunset Avenue
Littlefield, Texas 79339

## CERTIFICATE OF SERVICE

I hereby certify a true and correct copy of this Request and Designation of Clerk's Record was served upon opposing counsel noted below by United States Mail, and was dropped into the U.S. Mail receptacle at the Texas Civil Commitment Center located in Littlefield, Texas on:

_____
Stephen Patrick Black #04155143
Pro Se Litigant
Texas Civil Commitment Center
2600 South Sunset Avenue
Littlefield, Texas 79339

Executed on this 7th day of June 2018.

Special Prosecution Unit
1300 11th Street, Suite 830
Huntsville, Texas 77342



1

Findings of Fact and Conclusions of Law
15-1805-CV

## CAUSE NO: 15-1805-CV

| | | |
|---|---|---|
| IN THE COMMITMENT OF | § | IN THE DISTRICT COURT |
| | § | GUADALUPE COUNTY, TEXAS |
| STEPHEN PATRICK BLACK | § | 274TH JUDICIAL DISTRICT |

---

## MOTION TO SET ASIDE/VACATE OR
## RECONSIDER FINAL JUDGMENT OF BIENNIAL REVIEW ORDER
## OR ALTERNATIVELY: MOTION FOR REHEARING

---

TO THE HONORABLE JUDGE GARY STEELE:


Comes now, Stephen Patrick Black, Petitioner acting Pro Se in the above styled and numbered cause respectfully requests leave of Court and files this Motion to Set Aside/Vacate or Reconsider Final Judgment of Biennial Review Order or Alternatively: Motion for Rehearing.


## INTRODUCTION

Petitioner contends he filed numerous motions in conjunction with the 2018 Biennial Review of Facts Hearing in relation to his ongoing civil commitment never receiving a hearing or ruling prior to the May 9, 2018, final judgment. Furthermore, Petitioner filed a motion to Appoint Counsel in the 274th Judicial District Court on January 5, 2018, expecting to receive a hearing to grant or deny appointment of counsel, or in the alternative the right to self-representation.[1] **(See Exhibit #1 File Stamp Copy: Motion to Appoint Counsel).**


Petitioner contends the Honorable Judge Gary Steele should respectfully consider granting the aforementioned motion in the interest of justice, equity, and pursuant to the fundamental principles of procedural due process as guaranteed by the State and Federal Constitutions.[2]

---

[1] See *Faretta v. California*, 422 U.S. 806, 835, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975) ("On certiorari, the United States Supreme Court vacated the judgment and remanded the case. In an opinion by Stewart, J., expressing the view of six members of the court, it was held that (1) a defendant in a state criminal trial has a constitutional right to proceed without counsel when he voluntarily and intelligently elects to do so, and (2) **under the circumstances of the present case, the accused was deprived of his constitutional right to conduct his own defense.**").

[2] See Texas Constitution, article 1 §§ 3, and 19; also the United States Constitutional Amendments V and XIV.

Exhibit #29

| | | |
|---|---|---|
| IN THE COMMITMENT OF | § | IN THE DISTRICT COURT |
| | § | GUADALUPE COUNTY, TEXAS |
| STEPHEN PATRICK BLACK | § | 274TH JUDICIAL DISTRICT |

---

**AFFIDAVIT IN SUPPORT OF:**
**MOTION TO SET ASIDE/VACATE OR RECONSIDER FINAL JUDGMENT**
**OF BIENNIAL REVIEW ORDER OR ALTERNATIVELY MOTION FOR REHEARING**

---

TO THE HONORABLE JUDGE GARY STEELE:

Comes now, Stephen Patrick Black, Petitioner acting Pro Se in the above styled and numbered cause respectfully submits this: Affidavit in Support of: Motion to Set Aside/Vacate or Reconsider Final Judgment of Biennial Review Order or Alternatively Motion for Rehearing.

I, Stephen Patrick Black, the undersigned affiant declare I am eighteen years of age, of sound mind, and competent to make this Affidavit.

I, Stephen Patrick Black, am detained as a resident at the Texas Civil Commitment Center (TCCC) located at 2600 South Sunset Avenue, Littlefield, Texas 79339, and declare thereto with an Unsworn Declaration by a competent witness the following affidavit states:

On May 9, 2018, the Honorable Judge Gary Steele of the 274th Judicial District Court of Guadalupe County, Texas, overseeing a Biennial Review of Facts proceeding made a ruling extending my civil commitment another two-years.

The Honorable Judge conducted this proceeding prior to ruling on several motions filed by me in the 274th Judicial District Court in conjunction with the Biennial Review. The Court had a duty to notify me of the hearing date attached to the Biennial Review of Facts, but neglected to do so.

I had motioned the Court to:
1. Motion to Appoint Counsel
2. Motion to Set Hearing for Appointment Expert Witness
3. Motion to Appoint an Expert Witness
4. Motion to Set Hearing for Appointment of Counsel
5. Motion to Stay Proceedings Pending the Appointment of an Expert Witness
6. Motion to Set Hearing Pending Appointment of an Expert Witness
7. Affidavit for Motion to Stay Proceedings
8. Motion Compelling the Committing Court to: Hear and Rule On Previously Filed Motions. **This Motion was sent with a certificate of service dated May 4, 2018.**

Exhibit #29

After filing all these motions to the Committing Court in conjunction with the Biennial Review, I was awaiting a hearing date and never received one. The District Clerk only returned the filed stamped copies of each motion. On or about March 15, 2018, I wrote a letter to the Court stating, "I have filed a number of documents in this court and need to maintain a docket control sheet for the filings and hearing dates," but never received a response.

Furthermore, as a result of never being notified of the pending May 9, 2018, Biennial Review of Facts hearing date, I continued to file several more motions that are/were very crucial to the outcome of the proceeding, such as:

1. Motion to Admit Supplemental Evidence in Support of Petitioner's 2018 B.R.
2. Affidavit in Support of Supplemental Evidence
3. Petitioner's Motion Denouncing Present Counsel and Request to Be Present for His 2018 Biennial Review
4. Affidavit in Support of Motion Denouncing SCFO's and to be Present at B.R.
5. Motion Objecting to State Psychologist's Evaluation Regarding Petitioner's 2018 Biennial Review: First Set of Objections
6. Affidavit in Support Objections to State Psychologist
7. Motion to Take Judicial Notice of All Exhibits Entered with Previous Filings in Conjunction Therewith: Petitioner's 2018 Biennial Review
8. Motion Objecting to Texas Civil Commitment Office's Summary Regarding Petitioner's 2018 Biennial Review: First Set of Objections

As a direct consequence of the Committing Court failing to notify me of the pending hearing date scheduled for May 9, 2018, I am being forced to file numerous pleadings in various courts. This is in an attempt to get a hearing on all the motions I filed PRIOR to the May 9, 2018, hearing, and the ones thereafter.

I have suffered grievous harm as a direct result of the Committing Courts actions and respectfully request the Committing Court to Reconsider its ruling and grant a Rehearing of the Biennial Review of Facts. Moreover, to schedule a hearing date for all the previously filed motions, including the ones made after the May 9, 2018, ruling.

AFFIANT SAYETH NOT. END OF AFFIDAVIT COMMENCES HERE.

Submitted by,

Stephen Patrick Black #04155143
Texas Civil Commitment Center
2600 South Sunset Avenue
Littlefield, Texas 79339


Exhibit #29

File Stamp copy

FILED
11:53 PM
JUL 24 2018
Debra Crow
Clerk, Dist. Court, Guadalupe Co. Tx
By_____ Deputy

CAUSE NO: 15-1805-CV

| | | |
|---|---|---|
| IN THE COMMITMENT OF | § | IN THE DISTRICT COURT |
| | § | GUADALUPE COUNTY |
| STEPHEN PATRICK BLACK | § | 274TH JUDICIAL DISTRICT |

## NOTICE OF APPEAL
## 2018 BIENNIAL REVIEW

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Stephen Patrick Black (hereinafter Petitioner) in the above styled and numbered cause respectfully requests leave of Court and files this Notice of Appeal, pursuant to the Texas Rules of Appellate Procedure (TRAP) rules 25, and 26.1(a)(2)(4) allowing 90 days to file an appeal. In support of this appeal Petitioner respectfully shows the following:

### PERFECTING APPEAL

According to the Texas Rules of Appellate Procedure (TRAP) rule 26.1(a), Petitioner must state the following information to perfect his appeal:

1. The judgment on the order took place in the 274th Judicial District, Guadalupe County, Texas. In re Commitment Stephen Patrick Black Cause No: 15-1805-CV.

2. The final judgment date of the order was on May 9, 2018.

3. Petitioner respectfully requests permission of the trial Court to file an appeal on the decision to continue his civil commitment another two years.

4. Petitioner filed several motions on June 6, 2018, thereto: Finding of Facts and Conclusions of Law, Motion to Vacate Judgment, and Appeal of the Judgment.

5. Proper jurisdiction on the requested appeal is in the ~~Seventh~~ Fourth Court of Appeals located in ~~Amarillo, Texas.~~ San Antonio, Texas

6. Petitioner Stephen Patrick Black is the only party requesting the appeal.

7. Petitioner is indigent pursuant to TRCP Rule 145, and TRAP 20.1(b)(1), wherein he filed a Statement of Inability to Afford Payment of Court Costs in the trial court is not required to pay costs in the appellate court.

Notice of Appeal/Biennial Review

Exhibit #2.29

CAUSE NO: 15-1805-CV

LINDA BALK
Clerk, Dist. Court, Guadalupe Co. Tx.
By_____ Deputy

IN THE COMMITMENT OF § IN THE DISTRICT COURT



§ GUADALUPE COUNTY

STEPHEN PATRICK BLACK § 274TH JUDICIAL DISTRICT

## MOTION COMPELLING THE COMMITTING COURT TO:
## HEAR AND RULE ON PREVIOUSLY FILED MOTIONS AND REQUESTS

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Stephen Patrick Black, Petitioner acting Pro Se in the above styled and numbered cause, respectfully requests leave of Court to GRANT the following: Motion Compelling the Committing Court to: Hear and Rule On Previously Filed Motions and Requests.

Petitioner, over the course of several months, has filed several motions in this Committing Court in reference to his 2018, Biennial Review with no response. The motions filed are as follows:

1. Motion to Set Aside/Vacate or Reconsider Final Judgment of Biennial Review Order or Alternatively: Motion for Rehearing. Executed on June 7, 2018.

2. Affidavit on Motion to Set Aside/Vacate or Reconsider Final Judgment of Biennial Review Order or Alternatively: Motion for Rehearing. Executed on June 7, 2018.

3. Notice of Appeal: Executed on June 7, 2018.

4. Request for Finding of Facts and Conclusions of Law: Executed on June 7, 2018.

5. Request and Designation for Clerk's Record: Executed on June 7, 2018.

**Motion Compelling the Committing Court to:**
**Hear and Rule On Previously Filed Motions and Requests**

Exhibit #29

**CAUSE NO: 15-1805-CV**

| | | |
|---|---|---|
| IN THE COMMITMENT OF | § | IN THE DISTRICT COURT |
| | § | GUADALUPE COUNTY, TEXAS |
| STEPHEN PATRICK BLACK | § | 274TH JUDICIAL DISTRICT |

## REQUEST AND DESIGNATION FOR CLERK'S RECORD

COMES NOW, Stephen Patrick Black, Petitioner acting Pro Se in the above styled and numbered cause respectfully requests the Clerk of the Court to prepare an appellate record for the 2018 Biennial Review of Facts Hearing conducted on May 9, 2018, in this above styled cause, pursuant to Texas Rules of Appellate Procedure, Rule 34.5.

Stephen Patrick Black #04155143
Pro Se Litigant
Texas Civil Commitment Center
2600 South Sunset Avenue
Littlefield, Texas 79339

## CERTIFICATE OF SERVICE

I hereby certify a true and correct copy of this Request and Designation of Clerk's Record was served upon opposing counsel noted below by United States Mail, and was dropped into the U.S. Mail receptacle at the Texas Civil Commitment Center located in Littlefield, Texas on:

Stephen Patrick Black #04155143
Pro Se Litigant
Texas Civil Commitment Center
2600 South Sunset Avenue
Littlefield, Texas 79339

Executed on this 7th day of June 2018.

Special Prosecution Unit
1300 11th Street, Suite 830
Huntsville, Texas 77342

---

Request and Designation of Clerk's Record
15-1805-CV

1


Exhibit #29

# EXHIBIT #30

Correspondence sent to Respondent Dated July 9, 2018

**Stephen Patrick Black #04155143**
**Texas Civil Commitment Center**
**2600 South Sunset Avenue**
**Littlefield, Texas 79339**

July 9, 2018

Honorable Judge Gary Steele
274th District Court Guadalupe County
211 West Court Street
Seguin, Texas 78155

RE: In the Commitment of Stephen Patrick Black Cause No: CV 15-1805

Dear Honorable Judge Steele:

The purpose of this letter is to gain clarification as to why you believe I cannot represent myself? I was informed by my Power Of Attorney Larry Bowles that your Court has stated I cannot represent myself in Proceedings concerning my ongoing civil commitment.

This is very disconcerting. The very fabric of our American Constitution is based on the fact that I have certain inalienable rights afforded to me, that cannot be violated. One of those rights is the right to self-representation. [1] Additionally, attached to the right of self-representation, I have the right to dispense of court appointed or statutorily appointed attorneys.[2]

Your honor, I filed a motion in your Court to "dispense" with State Counsel for Offenders (SCFO) as my attorneys, and elected to represent myself. That motion could not be more succinct and to the point. The Texas Rules of Civil Procedure (TRCP) Rule 7, specifically states:

> **Any party** to a suit **may appear** and prosecute or **defend his rights** therein, either **in person** or by an attorney of the court. (Emphasis added).

With that said, I am a "Party" who wants to "Appear" to "Defend My Rights" in "person" Propria Persona in all proceedings attached to my ongoing civil commitment, in the 274th Judicial District Court, under the Honorable Judge Gary Steele, Presiding.

---

[1] See *Faretta v. California*, 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975); see also *McKaskle v. Wiggins*, 465 U.S. 168, 104 S. Ct. 944, 79 L. Ed. 2d. 122 (1984) (pro se defendant must be allowed to "control the organization and content of his defense, to make motions, to argue points of law, to participate in voir dire, to question witnesses, and to address the court and jury").
[2] See *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279, 63 S. Ct. 236, 241, 87 L. Ed. 268 (1942) ("recognized that the Sixth Amendment right to the assistance of counsel implicitly embodies a '**correlative right to dispense with a lawyer's help.**'")(Emphasis added).

Letter to the Honorable Judge Gary Steele
Why am I being Ignored Self-Representation?

EXHIBIT #30
Page 1 of 3

Please respond to this correspondence as soon as possible. I have filed numerous motions in this Court expecting to receive a hearing and ruling concerning the subject matter involved. The motions I have filed, beginning in September of 2017 are as follows:

1. Motion Requesting The Committing Court To Order Forensic Psychologist To Remove Incorrect Information From Final Evaluation.

2. Petition For Removal Of Gps Tracking Device

3. Motion To Appoint Expert Witness For Biennial Review

4. Motion To Appoint Counsel Biennial Review

5. Motion To Stay Biennial Review Proceedings Pending Appointment Of An Expert For Petitioner

6. Motions to Set Hearings on the Above

7. Motion To Admit Supplemental Evidence In Support Of Petitioner's 2018 Biennial Review

8. Petitioner's Motion Denouncing Present Counsel And Request To Be Present For His 2018 Biennial Review

9. Motion Compelling The Committing Court To: Hear And Rule On Previously Filed Motions

10. Motion Objecting To State Psychologist's Evaluation Regarding Petitioner's 2018 Biennial Review: First Set Of Objections

11. Petitioner's Summary Of The Preceding Two-Years In Civil Commitment: April 2016 - April 2018 Supplemental Evidence For The 2018 Biennial Review

12. Motion To Take Judicial Notice Of All Exhibits Entered With Previous Filings In Conjunction Therewith: Petitioner's 2018 Biennial Review

13. Motion Objecting To Texas Civil Commitment Office's Summary Regarding Petitioner's 2018 Biennial Review: First Set Of Objections

Exhibit #30

Letter to the Honorable Judge Gary Steele
Why am I being Ignored Self-Representation?

Additionally, with the above filed motions there were Personal Affidavits, and various other motions filed. As you can see, I plan on continuing to be an active legal participant in my ongoing civil commitment. This is why the situation surrounding the refusal to hear and rule on my self-representation pro se filings needs to be addressed.

This letter is an attempt to informally resolve this issue. Please allow me to exercise my right to self-representation, and be heard by this Court. Not recognizing my filings, setting hearings, providing rulings, and redresses to this Court are a violation of my Constitutional rights.

Thank you your Honor, for taking time out of your busy schedule to read and respond to this correspondence at your earliest convenience.

Sincerely,

Stephen Patrick Black
Texas Civil Commitment Center
Pro Se Litigant
2600 South Sunset Avenue
Littlefield, Texas 79339

Letter to the Honorable Judge Gary Steele
Why am I being Ignored Self-Representation?

Exhibit #30